MACKEY, Plaintiff, v. REEVES, as State Auditor, Defendant.
(182 N. W. 700.)

(File No. 4635.   Opinion filed April 25, 1921.)

1. **Damages—State Militiaman, Injury From Premature Artillery Discharge Under Orders—Legislative Appropriation Re Damages, Whether For Public Purpose, Whether Constitutional.**
   A legislative appropriation (Laws 1919, Chap. 39) for pay-

ment of damages and compensation to a state militiaman, who was injured while in actual discharge of his duties and services, by a premature discharge of an artillery piece he was assisting in firing at a regular state encampment, under orders from a superior officer, is an appropriation for a public purpose, within the meaning of Const., Art. 11, Sec. 2, providing, among other things, that taxes shall be levied and collected for public purposes only (following and relying upon State ex rel Morris v. Handlin, 38 S. D , 550), and is not in conflict with any provisions or prohibitions in the constitution.

2.    Mandamus—Legislative Appropriation For Compensation to Injured Militiaman, Whether Mandamus or Suit Against State the Remedy—Statute Construed—Appropriation as an Audit and Allowance, Constitutionality Auditor's Sale—Defense.

Mandamus is the proper remedy to enforce payment out of state treasury through state auditor, under a legislative appropriation as compensation to a state militiaman injured while in discharge of his duties at a state encampment; and not by suit against the state, under Sec. 2109, Code 1919, authorizing such suit where state auditor refuses to allow a just claim against the state, since said section is not applicable to the circumstances involved in the instant case, but relates to nonliquidated claims that may be presented to the auditor for allowance or rejection; moreover, under Laws 1919, Chap 39 (the appro priation in question), the Legislature itself has expressly audited said claim and fixed its amount, and by providing that the auditor shall issue a warrant upon the state treasurer for the amount therein appropriated to said beneficiary, it by mandatory direction required the auditor to allow same; and the only ground on which he could refuse issuance of. warrant would be that the legislative act was unconstitutional.

Original proceeding by G. E. Mackey against Jay Reeves, as State Auditor, to compel defendant to issue a warrant on the state treasurer in favor of plaintiff.    Writ granted.

See 42 S. D. 340, 175 N .W. 359, for former opinion.

*Sherwood & Sherwood,* for Plaintiff.

*Chas. E. DeLand,* for Defendant.

(1)    To point one of the opinion, Plaintiff cited:    Laws 1919, Ch. 39; Sec. 6942, Code 1919; State ex rel. Longstaff v. Anderson, (S. D.) 146 N. W. 703; Laws 1901, Ch. 176.

Defendant cited:    Const., Art. 12, Sec. 3; Art. 11, Sec. 2; Art. 3, Sec. 23, Subds. 9, 11; and authorities cited to point 6 on former decision on demurrer; 42 S. D. 340 (344); Sec. 6975, 6973, 6976, 5353, 5355, Code 1919.

(2) To point two, see, for authorities cited by Plaintiff, on former decision; and 42 S. D. 340 (344.)

Defendant cited: Secs. 6973, 6976, 5353, 5355, 5342; Black's Law Dic., "Audit;" Sawyer v. ·Mayhew, 10 S. D. 18; McCauly v. Brooks, 16 Cal. 11; Laws 1890, Ch. 1, Sec. 1, Sec. 2109, Code 1919.

McCOY, J. This is an original proceeding in mandamus to compel defendant, as state auditor, to issue a warrant on the state treasurer by virtue of the provisions of chapter 39, Laws 1919. This is the second time this proceeding has been ·before this court. Mackey v. Reeves, 42 S. D. 340, 175 N. W. 359. On the former hearing a demurrer was interposed to sufficiency of the application for the writ. The demurrer was sustained, and rehearing denied. ·Motion was then made to amend the application, which was granted, and the matter is now here upon the amended application, answer, and evidence submitted. The former decision in effect held that there was no showing that ·the injuries of plaintiff, for which the legislative act in question sought to compensate him were received while in the discharge of his duties in the militia service of this state, and that without such a showing, such an appropriation could not be held to have been made for a public purpose.

[1] In the former opinion it was held that an appropriation of public. money, to be constitutional, must be for some use or object which directly or indirectly, in some degree or manner, will materially aid in the proper functioning of some governmental agency, and in so doing will serve a public purpose. In State ex rel. ·Morris v. Handlin, 38 S. D. 550, 162 N. W. 379, this court held that:

"Any appropriations made in furtherance of and for the purpose of encouraging the organization ·and maintenance of a more effective militia is most certainly a public and beneficial purpose within the purview of the purposes for which our Constitution was created. Services rendered by a state militia, whether on command of the Governor or President, are rendered for the benefit of the public, and not for the benefit of any particular individual. We are of the view, therefore, that the provisions of section 1, art. 13, prohibiting donations to individuals, associations, or corporations, was never intended to apply

to appropriations made for the purposes of encouraging more efficient military training and enlistments in the militia, or for the payment of services such as have been rendered by the regiment in question. The provisions of this section of our Constitution prohibit the Legislature from donating money for private enterprises, and for prohibited internal improvements, but never were intended to prohibit the Legislature from making appropriations for the purposes of self-preservation; otherwise this provision would be in direct conflict with the very purposes for which our Constitution was created, as declared by its preamble."

The evidence now before us conclusively shows that the plaintiff received said injuries while in the actual discharge of his duties and service in the state militia; that during an encampment, held by virtue of an order of the Governor, plaintiff was injured by a premature discharge of an artillery piece he was assisting in firing, under orders from his superior officer. In principle there is no distinction between the proposition now before us and those involved in the State ex rel. Morris v. Handlin case. All the material and vital constitutional questions now raised were raised and passed upon in that case. Upon the authority of the former opinion in this case, and for all the reasons stated in the Morris v. Handlin case, we hold that the appropriation in question was for a public purpose, and not in conflict with any provision or prohibition contained in our state Constitution.

[2] It is also urged that mandamus is not the proper remedy to enforce the payment of said appropriation, that suit might and should have been maintained against the state under the provisions of section 2109, Code 1919, authorizing such suits against the state in cases where the auditor refuses to allow a just claim against the state. We are of the view, however, that this section of our statute has no application to the circumstances of this case. Said section 2109 clearly relates to claims that are unliquidated, and that may be presented to the auditor for allowance or rejection. Under the specific provisions of said chapter 39, Laws 1919, the Legislature itself has expressly audited and allowed this claim and fixed the amount thereof; and, by mandatory direction has required the auditor to allow the same. The only ground upon which the auditor might refuse to

issue the warrant would be that the act was unconstitutional. We are therefore of the opinion that mandamus is a proper remedy under the circumstances of this case.

The peremptory writ of mandamus prayed for may be granted.