NANCOLAS, Plaintiff, v. JONES, Defendant.

(196 N. W. 749.)

(File No. 5405.   Opinion filed January 7, 1924.)

1.   Mandamus—Militia—Pleading—Complaint—Complaint to Compel Payment of Appropriation Held Sufficient.

Complaint in militiaman's action to compel payment of legislative appropriation for injuries received from being tossed in a blanket at encampment, held to show that plaintiff was called and kept at the encampment, when the injury occurred, by orders of his superior officers, was there in the line of duty, and that the act making the appropriation was necessary for the support of the state government and its existing institutions.

2.   Limitation of Actions—Appropriations—Enforcement of Payment of Appropriation Not Barred by Limitation.

Mandamus by a militiaman to enforce payment of appropriation of March 12, 1923, for injury received while at state en-

campment of militia, was not barred by statute of limitation, though many years had elapsed since the injury.

**3. Evidence—Judicial Notice—Military Camps—Common Knowledge that Men in Military Camps Engage in Horse Play, etc**

It is common knowledge that gathering together young men and confining them in a military camp ground attends to induce merrymaking, rough games, practical jokes, and hard play, that games indulged in create an increased physical hazard dangerous to limb, sometimes to health, and even to life itself.

**4. States—Constitutional Law—Appropriations—Legislature—Appropriation to Pay Injured Militiaman Not Gift of State Funds.**

Legislative appropriation of Laws 1923, c. 37, for relief of a member of the state militia, to compensate him for injuries received while being tossed in a blanket by fellow members of the militia when off duty at a militia encompment, was made on the ground of and because it would tend to create and maintain an efficient state militia, and was not invalid within Const., art. 11, Sec. 2, as a gift of public money for private benefit:

Original mandamus by Samuel B. Nancolas against E. A. Jones. Peremptory writ granted.

*Mather; Stover & Mather,* of Watertown, for Plaintiff.

*Buell F. Jones,* Attorney General, and *Benj. D. Mintener,* Assistant Attorney General, for Defendant.

Plaintiff, contending for validity of the statute, cited: Mackey v. Reeves, 182 N. W. 700; State ex rel Morris v. Handlin, 38 S. D. 550; Stepheonson v. Colgan, 14 L. R. A. 459; 6 R. C. L. Sec. 101, 111; Cutting v. Taylor, 3 S. D. 11; Spangler v. City of Mitchell, 35 S. D. 335; Erskin v. Steele County, 98 Fed. 215, 39 C. C. A. 173; Lusher v. Scites, 4 W. Va. 11; Decamp v. Eveland, 19 Barb. 89; Hovey v. Foster, 118 Ind. 502; Cass Township v. Dillon, 16 Ohio St. Rep. 41; Franklin v. State Board of Examiners, 23 Cal. 173; Digest of the Judge Advocate General of the Army 1921, p. 686; 8 Cyc. 801, Sec. 5; 6 R. C. L. Sec. 101; State ex rel McCue, Atty. Gen., v. Northern Pac. Ry. Co., 120 N. W. 867.

Defendant, contending that the act in question is unconstitutional, cited: Sec. 2, Art 11, Const. S. Dak.; Stavig v. Van Camp (S. D.), 193 N. W. 731; Mackey v. Reeves, 44 S. D. 153; Stevenson v. Colgan, 91 Cal. 649, 27 Pac. 1089, 25 A. S. R. 230,

14 L. R. A. 459; Pittsburgh C. C. & St. L. R. Co. v. State, 180 Ind. 245, 102 N. E. 25, L. R. A. 1915D, 458; 2 R. C. L. Supp., p. 31, Sec. 112; Terrell v. Middleton, 108 Tex. 14, 191 S. W. 1138, 193 S. W. 143; Benham v. American Central Life Ins. Co., 140 Ark. 612, 217 S. W. 462.

SHERWOOD, J. During the month of July, 1904, one Samuel B. Nancolas was a member of the state militia, and, as such member, was attending the state militia encampment at Lake Kampeska. While so in attendance, and on duty pursuant to general orders ordering said militia into service for an encampment, and being within and under orders to remain within the confines of the camp, he was without any fault or neglect on his part forcibly taken by certain fellow members of the militia, and, without his consent and against his will, by force, tossed in a blanket, and while thus being tossed in a blanket, he received an injury to his right knee, which caused said knee to become and ever since remain so stiff that it cannot be bent. Such act of being tossed in a blanket was no part of any military regulation, or of the manual of arms or of the required drill or training, but was wholly disconnected from any military duty or service; that plaintiffs fellow members of the militia engaged in such act of tossing plaintiff in a blanket were not acting under the direction of any superior officer, nor was plaintiff directed by any superior officer to submit to said act.

Thereafter, by chapter 37 of the Session Laws of South Dakota for the year 1923, the Legislature passed an act which was duly approved by the Governor and became a law, appropriating for the relief of said Nancolas, and to compensate him for such injury, the sum of $2,000. Proper receipts and vouchers were presented to the state auditor for the payment to Nancolas of said money, but the auditor has refused to pay the same on the ground that chapter 37 is unconstitutional and void.

It is contended by defendant: (a) That the complaint is insufficient, because it nowhere alleges plaintiff was injured while actually engaged in the discharge of his duties in the militia; (b) that it appears from the face of the pleading that more than 19 years have elapsed since such injury, and plaintiff's claim is barred by the statute of limitations; (c) that this statute violates

section 2 of article 11 of the Constitution, because it is an appropriation of public money for private benefit and not for a public purpose, and is nothing but a gift or donation of public funds; (d) that at the time of the injury plaintiff was not actually engaged in drilling or training pursuant to any military rules or regulations, but was in fact off duty.

It is the contention of plaintiff: (1) That the act making the appropriation is constitutional on its face; (2) that plaintiff was injured in the line of duty; (3) that the appropriation is for a public, not a private, use.

[1] It is sufficient answer to defendant's objection (a) to says that the complaint shows plaintiff was called and kept at the place where the injury occurred by the orders of his superior officers; was there in the line of duty; and that the act of making the appropriation was "necessary for the support of the state government and its existing institutions."

[2] This proceeding is brought to enforce payment to plaintiff of money appropriated for his benefit on March 12, 1923, and is therefore not barred by the statute of limitations. In Mackey v. Reeves, 42 S. D. 340, 175 N. W. 359, this court said:

"An appropriation of public money, to be constitutional, must be for some use or object which, directly or indirectly, in some deegree or manner will materially aid in the proper functioning of some governmental agency, and in so doing will serve a public purpose."

And in State v. Handlin, 38 S. D. 550, 162 N. W. 379, this court said:

"Any appropriations made in furtherance of and for the purpose of encouraging the organization and mantenance of a more effective militia is most certainly a public and beneficial purpose within the purview of the purposes for which our Constitution was created."

[3] It is a matter of common knowledge that the gathering together of large numbers of young and vigorous men, and confining them within the narrow limits of a camp ground, tends to induce much merrymaking, many vigorous and often rough games, practical jokes, and hard play; that such games and play in a company where high animal spirits and the inexperience of youth are united does create an increased physical hazard, often danger-

ous to limb, sometimes to health, and even to life itself. If, then, a soldier while off active duty, but still held under orders within the camp, and in close contact with such comrades, must assume, under all circumstances and conditions, this extra hazard, we think it needs no argument to show it would deter many of the best and most reliable men from entering the militia service. Anything that would tend to deter the enlistment of the best men would thereby directly and materially injure the functioning of an important government agency.

[4]  It is therefore very clear that this appropriation is not made as a gift nor from motives of charity, although Mr. Nancolas is to receive the money, but it is made on the ground of and because it will tend to create and maintain an efficient state militia for the protection of the public.

All the legal questions raised in this case were considered and settled in State v. Handlin, supra, and in Mackey v. Reeves, 42 S. D. 340, 175 N. W. 359, and Mackey v. Reeves, 44 S. D. 153, 182 N. W. 700.

The peremptory writ of mandamus prayed for may be granted.

Note.—Reported in 196 N. W. 749. See, Headnote (1), American Key-Numbered Digest, Mandamus, Key-No. 154(4), 26 Cyc. 433; (2) Limitation of actions, Key-No. 58(1), 26 Cyc. 392; (3) Evidence, Key-No. 14, 23 C. J. Sec 1810; (4) States, Key-No. 119, 36 Cyc. 885, 895.

On power of legislature to make appropriation to compensate injured militiaman, see note in 44 L. R. A. (N. S.) 83.