JOHNSON, Plaintiff, v. JONES, Defendant.

(216 N. W. 584.)

(File No. 5591. Opinion filed December 13, 1927.)

*Hall, Purdy & Eidem,* of Brookings, for Plaintiff.

*Buell F. Jones,* Attorney General, and *Benj. D. Mintener,* Assistant Attorney General, for Defendant.

GATES, J. At a meeting of the board of regents in January, 1923, the resignation of Dr. Willis E. Johnson as president of the State College of Agriculture and Mechanic Arts was presented and accepted to take effect July 1, 1923, and he was elected president emeritus of the institution, and given sabbatical leave for one year beginning July 1, 1923, at a salary of $5,000, with such duties as the board might designate. One-twelfth of said sum was paid him for July, 1923, salary, and the like sum for August, 1923, salary, but the state auditor refused to approve the voucher for the September, 1923, salary, although requisitioned by the board, and Dr. Johnson has not received any portion of such salary since the August payment. At all times during that year he maintained his legal residence at Brookings, and held himself in readiness to perform any tasks that might be assigned to him by the board. It appears from the evidence that the board intended to assign duties to him but that such intent was frustrated by the act of defendant in refusing to honor the salary vouchers.

In February, 1924, this court issued an alternative writ of mandamus requiring the state auditor to issue a warrant for such salary for September, 1923, and for each succeeding month up to that time or that he show cause, etc. The state auditor answered.

Testimony was taken, briefs were filed, and the case was orally argued.

Quoting from defendant's brief:

"The defendant contends that the plaintiff is not entitled to compensation from the state of South Dakota for the month of September, 1923, and ensuing months; that he performed absolutely no services for the state, and that in fact he was outside of the state during practically all of the time for which he claims compensation; that any understanding which the regents of education might have had with the plaintiff that the plaintiff was to be paid the $5,000 for the time beginning with July 1, 1923, and ending with July 1, 1924, is absolutely in excess of the jurisdiction of the board; that any such contract is against public policy, and in violation of the spirit and intent of the statutes prescribing the duties of the regents of education and of the Constitution of this state; and that the same amounts to the granting of a gratuity, gift, reward, or pension in recognition of past services."

Quoting from plaintiff's brief:

"The plaintiff on the other hand contends:

"(1) That the board of regents is a constitutional body having exclusive control of the higher institutions of learning of this state, and that under the provisions of section 3, of article 14 of the state Constitution, and sections 5562 to 5587, Revised Code, enforcing this constitutional provision, the resolutions, contracts and orders made by it in the performance of its duties, must 'control'.

"(2) That the board of regents having control of these institutions has exclusive power and authority to employ members of the faculties of these several institutions, to fix their compensation and prescribe their duties, and also pursuant to custom and express statutory authority, to grant sabbatical leave.

"(3) That the defendant state auditor is an administrative officer, whose duties herein are of a purely ministerial nature, and that he has no power or authority to review or reverse such action of the board of regents, nor to refuse to issue warrants in payment of its employees on its demand, out of funds under its control, and available for that purpose."

We think it cannot be successfully disputed that the control of the State College of Agriculture and Mechanic Arts is

vested in the board of regents. Section 3, article 14, of the Constitution as amended in 1896, provides:

"The state university, the agricultural college, the normal schools and all other educational institutions that may be sustained either wholly or in part by the state shall be under the control of a board of five members appointed by the governor and confirmed by the Senate under such rules and restrictions as the Legislature shall provide. The Legislature may increase the number of members to nine."

At the time of the amendment to said section in 1896 the name of the institution was "the Agricultural College of South Dakota," section 1, ch. 38, Laws 1891. But, by the provisions of chapter 12, Laws 1907, the name was changed to "State College of Agriculture and Mechanic Arts." Not only does the Constitution vest control of that institution in the board of regents, but section 5596, Rev. Code 1919, says:

"*Location, Name, Control.* The college of agriculture, located at Brookings, shall be known as and designated the 'State College of Agriculture and Mechanic Arts' and shall be under the control of the board of regents."

See, also, Rev. Code 1919, §§ 5562-5587, as amended and particularly section 5573, which provides:

"*General Powers.* Except as otherwise expressly provided in this Code, the board of regents shall have power to govern and regulate each institution under its control in such manner as it shall deem best calculated to promote the purpose for which the same is maintained."

This, it would seem, satisfactorily affirms the soundness of plaintiff's first postulate above set forth.

 Plaintiff's second postulate would seem to be satisfactorily sustained by section 5574, Rev. Code 1919, as amended by chapter 138, Laws 1921, viz:

"Section 5574. The board of regents is authorized to employ and dismiss all officers, instructors and employees of such institutions, necessary to the proper management thereof, to determine their number, qualifications and duties, fix the term of their employment, and rate and manner of their compensation, and provide for sabbatical leave on part pay; provided, that no person shall be

employed or dismissed by reason of any sectarian or political opinions held."

The evidence also shows that election to emeritus positions and the granting of sabbatical leave are in accordance with general custom in higher institutions of learning in this country. Such election and grant are not inviolation of either the letter or spirit of the Constitution or statutes. They do not constitute a gratuity or donation, but are for a public purpose, and are sustainable on the ground of their beneficial effect upon the public service. State ex rel Morris v. Handlin, 38 S. D. 550, 162 N. W. 379; Mackey v. Reeves, 44 S. D. 153, 182 N. W. 700; Nancolas v. Jones, 47 S. D. 157, 196 N. W. 749; Mills v. Stewart, 76 Mont. 429, 247 P. 332, 47 A. L. R. 424.

Coming now to plaintiff's third postulate, it is true that the state auditor is an administrative officer, whose duties, so far as this case is concerned, are purely of a ministerial nature. While in the exercise of those duties it was competent for him to question the authority of the board of regents to act (Mackey v. Reeves, supra), it was not competent for him to attempt to substitute his judgment for that of the board as to the wisdom, propriety, or necessity of such action. Matters of policy are in the exclusive control of the board so long as it keeps within constitutional and statutory provisions.

Defendant further urged that mandamus was not the proper remedy, but that plaintiff's remedy was by suit under section 2109, Rev. Code 1919. That question was so thoroughly answered in McCoy v. Handlin, 35 S. D. 487, 153 N. W. 361, L. R. A. 1915E, 858, Ann. Cas. 1917A, 1046, that we merely refer to pages 508-512 of that opinion (153 N. W. 361), and to page 156, par. 2, of Mackey v. Reeves, supra (182 N. W. 700).

Being convinced that the action of the board of regents hereinbefore set forth was within its constitutional and statutory authority, the alternative writ will be made peremptory. No costs will be taxed.

CAMPBELL, P. J., and POLLEY, SHERWOOD, and BURCH, JJ., concur.