[Civ. No. 1876.   Fourth Appellate District.—April 27, 1938.]

STANDARD ELEMENTARY SCHOOL DISTRICT OF KERN COUNTY, CALIFORNIA, Appellant, v. HERBERT L. HEALY, County Superintendent of Schools, etc., et al., Respondents.

Borton, Petrini & Conron for Appellant.

Brittan & Mack for Respondents.

JENNINGS, J.—The appeal herein has been taken by the plaintiff from a judgment dismissing the action after a demurrer interposed by defendants to the first amended complaint had been sustained without leave to amend. The question here presented, therefore, involves a consideration of the allegations contained in the first amended complaint for the purpose of determining whether or not it may properly be declared that the pleading fails to state facts which are sufficient to constitute a cause of action.

The pertinent and material facts which are stated in the first amended complaint are as follows: The plaintiff is an elementary school district of Kern County organized under the laws of the state of California. Defendant Healy is the duly elected, qualified, and acting superintendent of schools of Kern County. The defendant Katherine Aslin was employed as a teacher by the board of trustees of the plaintiff district for the school year 1934–1935 at a salary of $180 per month. On May 24, 1935, said teacher voluntarily, intentionally, and for her own convenience presented to the board of trustees of plaintiff district a request in writing that she be granted a leave of absence for the school year 1935–1936. Such request was in the following language:

"Having received notice of employment for the year 1935–1936, I wish to ask for a leave of absence from my work for one year.

"If this leave is granted to me, it is with the understanding that in September, 1936, I may return to my work, without my tenure having been in any way affected, and with my

salary equaling that of the teachers who are now on the same salary schedule as I.''

Thereafter the board of trustees granted the request for leave of absence and the said defendant served no part of the school year covered by the leave of absence. Because of the fact that said defendant performed no service during the school year the board of trustees employed another teacher at a salary of $155 per month. In May, 1936, the defendant, Katherine Aslin, made a claim upon the plaintiff school district for the sum of $75, which claim was rejected by the board of trustees on May 22, 1936. On June 17, 1936, Katherine Aslin filed a purported appeal of her claim and its rejection with the superintendent of public instruction of the state of California. On August 13, 1936, the last-mentioned official purported to decide that defendant, Katherine Aslin, was entitled to payment of her claim for $75 and notified defendant Healy of his decision. The board of trustees of plaintiff district has refused and continues to refuse to pay said claim and defendant Healy, as superintendent of schools of Kern County has informed plaintiff that he will issue his requisition in favor of defendant Katherine Aslin for the sum of $75 in payment of said claim and plaintiff believes that unless restrained he will do so. Plaintiff is not withholding any salary whatsoever from the defendant school teacher and the purported appeal to the state superintendent of public instruction was improper and his purported decision thereon was void and the payment of said claim would amount to an unlawful expenditure of public moneys. For this reason defendant Healy has no right, authority, or jurisdiction to issue a requisition in payment of the claim. The pleading concludes with a prayer that it be decreed that the defendant Aslin has no claim for compensation against plaintiff, that defendant Healy be ordered not to pay the sum of $75 or any other sum to defendant Aslin and that defendant Healy be restrained and enjoined from paying the said claim.

It will be noted that the above-described allegations contain no suggestion of the basis for the claim which the teacher made upon the school district. However, in the statement of facts which is contained in plaintiff's opening brief it is stated that the amount of the claim represented the difference between the salary which Katherine Aslin received

during the school year of 1934–1935 and the amount which was paid to the teacher who was employed to substitute for her during the school year of 1935–1936, when she was absent on leave. It is immediately apparent that the sum of $75 did not constitute the full amount of such difference since the salary paid to Katherine Aslin was $180 per month whereas the substitute received $155 per month. This discrepancy is explained in the brief filed by defendants by the statement that Katherine Aslin voluntarily limited her demand to the sum specified in her claim. Since it is thus agreed by all parties to this appeal that the amount for which the claim was made represented the difference in the amount of salary paid to the two teachers and that the presentation of the claim was based on the contention of the defendant Aslin that she was entitled to receive such difference, no point will here be made of the fact that the amended complaint contains no showing of the basis for making the claim and, for the purposes of this opinion, it will be assumed that the pleading shows on its face that the claim was made for the reason indicated.

The defendants contended in support of the demurrer filed by them to the complaint and they here contend in support of the judgment which was rendered upon the sustaining of their demurrer without leave to amend that the pleading fails to state a cause of action for the issuance of an injunction. The basis for this contention is found in the provisions of section 5.760 and section 5.761 of the California School Code. The former section is entitled "Right of Appeal. Investigation" and provides as follows:

"Any teacher whose salary is withheld may appeal to the superintendent of public instruction who shall thereupon require the superintendent of schools to investigate the matter and present the facts thereof to him."

The latter is entitled "Judgment and its Enforcement" and contains the following language:

"The judgment of the superintendent of public instruction shall be final, and upon receiving it the superintendent of schools, if the judgment is in favor of the teacher, shall, in case the trustees refuse to issue an order for said withheld salary, issue his requisition in favor of said teacher."

It is argued that since the pleading shows on its face that the defendant teacher upon the denial of her claim by the

board of trustees of the plaintiff school district appealed to the state superintendent of instruction, who rendered judgment in favor of the teacher and since section 5.761 of the School Code provides that such judgment shall be final and on receipt thereof the superintendent of schools shall, in case of refusal by the trustees to issue an order for payment of the salary withheld, issue his requisition in favor of the teacher, it is apparent that no cause of action for injunctive relief against the defendant superintendent of schools is stated for the reason that he is only proposing to perform the duty which is clearly imposed upon him by the last-mentioned statute.

The correctness of the contention thus advanced depends on the determination of whether or not the claim made by the defendant Katherine Aslin is the kind of claim contemplated by section 5.760 of the School Code as to which it is declared by the immediately following section of said code that the judgment of the superintendent of public instruction shall be final.

As heretofore noted, it is agreed that the claim which forms the basis of the present controversy was made because the claimant contended she was entitled to receive the difference between the amount of salary which had been paid to her during the school year of 1934–1935 and the amount which was paid to the teacher employed to substitute for her during the following school year when she was absent on leave. Her contention in this regard is in turn based on the provisions of section 5.722 of the School Code. This section provides that the governing board of any school district shall have the power to grant any employee of the district who is employed in a position requiring certification qualifications a leave of absence for not to exceed one year "for the purpose of permitting study or travel by said employee which will benefit the schools and pupils of the district". It is further provided in the third paragraph of this section that "every employee granted a leave of absence under the provisions of this section may be required to perform such services and may receive such compensation during such leave as the governing board of the district, with the approval of the county superintendent of schools, and the employee may agree upon in writing, but such compensation shall be the difference between the salary of the employee on leave and the salary of a

substitute teacher in the position which the employee held prior to the granting of such leave''. It is argued that the amended complaint shows on its face that the leave of absence which was granted to the defendant Katherine Aslin was granted pursuant to this section and that as a consequence she became entitled to receive the difference in salary which is specified in that portion of the section last quoted. It is observed that the amended complaint alleges that Katherine Aslin ''voluntarily, intentionally, and for her own convenience'' requested the leave of absence granted to her, but it is said that the quoted verbiage is a pure statement of conclusions by the pleader and, in any event, that a request for leave for purposes of travel or study would be voluntary, intentional, and for the convenience of the applicant. It is said that the only facts pleaded in the complaint which have any bearing on the intention of the teacher in applying for the leave of absence are the statements contained in the letter which she addressed to the board of trustees. It is further observed that the letter contains no suggestion of the reason for which leave was requested and no allegation is set out in the pleading indicating that the trustees had any knowledge of the reason for which the leave was granted. It is therefore urged that it is possible to conclude that leave was asked for the purpose of travel or study and since no facts are alleged which negative a request for such purpose it is declared that it must be assumed that the leave was asked and granted for such purpose.

The argument thus advanced is specious but not impressive. The allegation in the pleading that application for leave was made for the convenience of the applicant negatives the idea that it was made for the purpose of travel or study pursuant to section 5.722 of the School Code since the language of the section states that the study or travel for which leave may be granted is limited to study or travel ''which will benefit the schools and pupils of the district''. A leave for such purpose so qualified may hardly be said to be a leave asked solely for the convenience of the applicant. Furthermore, it must be conceded that a leave of absence for so long a period is an unusual privilege and if the grant of such leave is to be accompanied by payment of compensation during the period covered by the leave it must clearly appear that the leave was asked and granted for the express pur-

pose stated in the statute. Not only is this true but the section further provides that if compensation is to be paid during the teacher's absence it must be so specified by written agreement entered into between the governing board of the district with the approval of the county superintendent of schools and the employee. Inasmuch as plaintiff's complaint is barren of any allegations which indicate that the teacher's application for leave was made or granted for purpose of travel or study and further contains no showing that a written agreement providing for payment of compensation was entered into between the board of trustees and the teacher, the contention of defendants that it must be presumed that section 5.722 of the School Code is applicable cannot be sustained.

It is also suggested that section 5.750 of the School Code may be applicable to the situation described in plaintiff's amended complaint. The portion of this section upon which defendants particularly rely is as follows: "When a person employed in a position requiring certification qualifications is absent from his duties on account of illness for a period of five school months or less, the amount deducted from the salary due him for any month or months in which such absence occurs shall not exceed the sum which shall actually have been paid a substitute employee employed to fill his position during his absence. When a person employed in a position requiring certification qualifications is absent from his duties on account of illness for a period of more than five school months, or when a person is absent from his duties for a cause other than illness, the amount deducted from the salary due him for the month or months in which such absence occurs shall be determined according to the rules and regulations established by the governing board of the district." It is argued that this section of the code recognizes the authority of the governing boards of school districts to establish regulations for determining the compensation to be paid to a teacher who is absent from his duties for a period longer than five months either by reason of illness or for some cause other than illness, that it will be admitted that the plaintiff had established no such regulations, that the general law established in the School Code is therefore applicable to the situation, and that the third paragraph of section 5.722 to which reference has heretofore been made

and which provides that the compensation shall consist of the difference between the salary paid to the teacher during the preceding school year and the salary paid to a substitute furnishes the proper measure of compensation to be applied.

The obvious answer to the suggestion that section 5.750 is applicable is that it does not fit the situation which is presented by plaintiff's first amended complaint. Presumably, section 5.750 relates to absence from duty for which no leave has been obtained. Here, however, the teacher, as the pleading discloses, made written application for leave of absence. Chapter VII of part III of the School Code bears the title "Resignations, Dismissals and Leaves of Absence". Article VIII of said chapter is entitled "Leaves of Absence". In this last-mentioned article there are three sections which relate specifically to leaves of absence. The first of these sections is section 5.720, which confers general authority upon the governing boards of school districts to grant leaves of absence. Section 5.721 is more limited and empowers such boards to provide for leave of absence and to grant compensation during such leave to any teacher who is compelled to be absent because of accident, illness, or quarantine. The next succeeding section, which is section 5.722, has heretofore received consideration. It is limited to leaves of absence for purpose of travel or study and contains the significant qualification that such travel or study shall be of a character that will be beneficial to the schools and pupils of the district. Since we have here the situation where the teacher admittedly applied for a leave of absence and did not take the risk of voluntarily absenting herself from her duties without securing express permission, those sections of the School Code which have a direct bearing on leaves of absence must govern and there is no occasion for attempting to apply another section of the code which apparently relates exclusively to unexcused absence from duty. The three sections of the School Code which relate specifically to leaves of absence are not difficult of comprehension. The language employed therein is simple and the meaning is plain. There is no need to have recourse to a different section which occurs in another chapter and in which there is no reference to a leave of absence which was the very thing which the teacher here was anxious to obtain and which she did obtain.

▊  Since we have indicated our opinion that the pleading under discussion does not show on its face that the leave of absence which was requested by the teacher was granted for purpose of travel or study pursuant to section 5.722 of the School Code and have further demonstrated that section 5.750 is not applicable to the situation disclosed by the complaint the next step is to discover whether or not there is any provision of the School Code under which the action taken by the board of trustees in granting the leave may properly have been taken. As heretofore observed, article VIII of chapter VII, part III, of the code which is entitled "Leaves of Absence" contains three sections which relate expressly to leaves of absence. For reasons herein set forth we have concluded that the board's action, so far as the amended complaint discloses, was not taken pursuant to section 5.722. It is not contended, as we understand, that the action was taken pursuant to the provisions of section 5.721, which authorize granting of leave to a teacher who is compelled to be absent because of accident, illness, or quarantine. The pleading is barren of any suggestion that the leave was granted for any such reason and no facts are alleged which indicate that such was the case. The elimination of sections 5.721 and 5.722 leaves section 5.720 to be considered. The last-mentioned section is in the following language: "Governing Boards of school districts shall have power to grant leaves of absence to persons employed in positions requiring certification qualifications." It is apparent that this section confers upon the governing boards of school districts a general power to grant leaves of absence and a broad discretion with respect to such a matter. No difficulty is therefore encountered in concluding that the pleading shows on its face that the action taken by the plaintiff's board of trustees was properly accomplished under the broad power vested in it by the above-quoted language of section 5.720.

▊  It is furthermore our conclusion that the contention of defendants that the first amended complaint is vulnerable to attack by general demurrer because it alleges that the defendant Katherine Aslin took an appeal of her claim after its rejection by plaintiff's board of trustees to the superintendent of public instruction who decided that said defendant was entitled to payment of the claim is untenable for another reason. As heretofore noted, this contention is based

on the provisions of sections 5.760 and 5.761 of the School Code which permit an appeal by a teacher whose salary is withheld to the above-mentioned official and declare that the judgment of such official shall be final.

The two sections to which reference has last been made are contained in article III of chapter VIII, part III of the School Code. The title of chapter VIII is "Salaries". The chapter contains three articles. The title of article I is "Fixing of Compensation". Article II is entitled "Payment of Salaries". Article III bears the title "Withholding of Teacher's Salary". It is apparent from an examination of the various sections which are included in these articles that they relate exclusively to the subject of salary and that they make no reference to the matter of leaves of absence, a subject which, as heretofore mentioned, is specifically and particularly treated in article VIII of chapter VII, part III of the Code, whose title is "Resignations, Dismissals and Leaves of Absence".

It may also properly be observed that the word "salary" has a well-understood meaning. It is defined in Black's Law Dictionary, third edition, as "a reward or recompense for services performed". In *White* v. *Hayden,* 126 Cal. 621, at p. 627 [59 Pac. 118], it is said: "Salary and wages are synonymous. Both mean a sum of money periodically paid for services rendered (Anderson's Law Dictionary); and it is immaterial how the value of the services is ascertained." It is evident that a necessary element of the definition is the rendition of some sort of service. It is difficult to conceive how it may successfully be argued that an employee who, so far as appears, is given an unqualified leave of absence from performing any service for a period of one year can be said to be entitled to any recompense by way of salary. The very definition of the term precludes the possibility that any salary could be due in such a situation or that a refusal to pay compensation during the period covered by the leave constitutes a withholding of salary.

Because of the obvious meaning of the term "salary" and because of the fact that sections 5.760 and 5.761 occur in a chapter of the School Code which relates exclusively to the subject of "Salaries" we have no hesitancy in concluding that the contention of defendants that the amended complaint is subject to attack on the ground stated is lacking in merit.

The judgment is reversed and the trial court is directed to overrule the demurrer and to permit defendants to file an answer to the first amended complaint within such time as the court may deem reasonable.

Barnard, P. J., and Marks, J., concurred.