ELLIS, Judge.
This is a mandamus proceeding in which the relator, Henry Y. Scoggins, is seeking to compel the Vernon Parish School Board to grant him a Sabbatical leave for one semester for cultural improvement for the school term of 1949-1950, beginning September 12th, 1949 and ending January 28th, 1950. The petition contained all necessary allegations and particularly that the relator complied with all the necessary requisites provided for by Sections 2, 3 and 4 of Act No. 319 of 1940 and amendments thereto, Act No. 235 of 1946, Act No. 341 of 1948, and relator also alleged that he had filed two applications with the defendant school board and had been refused both times; that he had delivered these applications to the superintendent of the schools of Vernon Parish, Louisiana.
The defendant school board filed no an-, swer but did file an exception of no cause of action levelled at relator’s failure to send either of the applications to the Superintendent of Schools by registered mail as required by the Sabbatical Leave Act. This exception was referred to the merits “to stand as part of the answer.”
The case was tried, the exception of no cause of action overruled, and judgment rendered making the alternative writ of mandamus peremptory, commanding the Vernon Parish School Board to grant the relator sabbatical leave for one semester for professional and cultural improvement for the school term of 1949-50, beginning September 12, 1949 and ending January 28, 1950.
From this judgment the defendant school board has appealed and the relator apparently has answered and filed an answer to the appeal in which he asks that the judgment of the District Court be affirmed and that the defendant school board be condemned by this Court to pay to relator ten per cent on the amount of the loss in salary as damages for a frivolous appeal.
Defendant school board has raised but two questions on this appeal, viz.:
(1) Is the requirement that applications for Sabbatical Leave be sent to the superintendent of schools by registered mail as provided by La.Act No. 319 of 1940, as amended by La.Act No. 235 of 1946, to be construed stricti juris? and
(2) Where less than five per centum of the total number of teachers employed in a given parish are taking Sabbatical Leave as provided by Section 5 of La.Act No. 319 of 1940, as amended by Section 1 of La.Act No. 341 of 1948, does a School Board have authority to reject applications for Sabbatical Leave for any reason?
As to the first question, the evidence shows both applications for Sabbatical Leave were in accordance with law in all respects, but that both were delivered to the superintendent of schools personally rather than by registered mail as provided by the Act. The facts further show that both applications were presented by the superintendent to the School Board and the School Board acted upon these applications by refusing them. The first application by relator was made October 19th, 1948 in which he asked for sabbatical leave for one semester for the school year 1948-1949, for the period beginning the 21st day of January and ending the first day of June for the purpose of professional and cultural improvement. In the record is a certified copy of the minutes of the School Board of January 6th, 1949 in which it shows two yeas and eight nays. No objection whatsoever was made to the application nor were any reasons given for its refusal at that time. The second application was made on March 2, 1949 for leave for the same purpose for a period beginning September 12, 1949 and ending January 28, 1950, which *387 is the one in contest. This application was refused by the Parish School Board at a meeting held on the third day of March, 1949, and there is no objection noted to the application such as is being raised in the present suit, nor was any reason given as shown by the minutes of the School Board for the refusal. The purpose of sending the application by registered mail was to insure its delivery and a record of its being sent and delivered. The record shows that the same purposes were accomplished by the manual delivery. The application was in proper form in all respects, was personally delivered to the school board and acted upon by the school board. The purpose of filing the application was to have the same placed before the school board for action. Had it been sent by registered mail the same course would have been followed, that is, the superintendent would have delivered it to the school board for action by that body. Had the superintendent refused to submit the application to the school board by reason of the fact that it was delivered to him personally, rather than sent to him by registered mail, would be another question. The school board is estopped from raising such a question and has waived the right to make any such objection to the application.
Counsel for the defendant school board has so phrased what he contends is the second question in this suit to be answered by this Court that it covers much more territory, that is, is much broader in scope than the actual question to be decided. It is not necessary to decide whether or not a school board has authority to reject applications for sabbatical leave for any reason; only is it necessary to decide whether this defendant school board in the present case, under the,present facts and the law, had the right to reject relator’s application.
 It is shown by the record in this case that not one teacher employed by Vernon Parish School Bodrd was on sabbatical leave at the time relator made his application, and at the time it was rejected, and, therefore, under Section 5 of Act No. 319 of 1940 and amendments thereto relator was clearly entitled to the leave for which he applied. It is contended, -however, that the board did not have and could not get any qualified substitute teachers, and that this court should take judicial notice of the acute shortage of teachers and should hold that “in the face of such acute shortage the rights of the school children of this State to competent instruction must take precedence and priority over the rights of individual teachers who seek to take their sabbatical leave and increase their earning power at a time like this.” In the first place, there is no testimony in the record except that of the Superintendent of Education that they did not have and could not get any qualified substitute teachers and there is no showing that any effort was made to get a substitute teacher and we cannot take judicial cognizance of the shortage of school teachers. It would appear to us that the board could have found one teacher to employ if it had made an effort and it was their duty to do so.
It is through no fault of the relator that the length of time necessary in order to obtain a final judgment in the case overlapped the period of time for which he had applied for such leave, and in view of the fact that his application was filed in accordance with law and in the time prescribed thereby, we believe that we should affirm the judgment and order the defendant school board to grant relator sabbatical leave as requested in brief filed in his behalf for the school term of 1950 to 1951, beginning September 1950 and ending January 1951, as was done in the extension of time in which to cut timber which had expired by reason of the length of time necessary to have the right of the party finally adjudicated. See Bennett v. Bennett, La.App., 14 So.2d 272.
Relator has requested that for a frivolous appeal we condemn the defendant board to pay damages in the amount of $100.00 for the loss of salary which would have been $700.00 per year increase in salary had he successfully completed his work under the sabbatical leave for which he applied. We cannot grant such a request as *388 there is no money judgment in this case. See Article 907 of the Code of Practice and authorities cited thereunder.
It is, therefore, ordered that the judgment of the District Court be affirmed and that the Vernon Parish School Board be ordered to grant relator Sabbatical Leave for the school term of 1950-1951 beginning September 1950 and ending January 1951.
It is further ordered that relator be decreed exempt from the payment of any costs herein and that the Vernon Parish School Board be ordered to pay all costs as may be taxed against it under the law, viz, all stenographic fees.
J. CLEVELAND FRUGE, Judge, ting ad hoc.