State *ex rel.* WEST VIRGINIA BOARD OF EDUCATION

*v.*

EDGAR B. SIMS, *Auditor, etc.*

(No. 10668)

Submitted April 14, 1954. Decided May 4, 1954.

*John G. Fox,* Attorney General, *Virginia Mae Brown,* Assistant Attorney General, for relator.

*Paul Kidd,* for respondent.

RILEY, JUDGE:

In this original proceeding in mandamus instituted by the State of West Virginia at the relation of the West Virginia Board of Education, a public corporation, the petitioner seeks to require the respondent, Edgar B. Sims, Auditor of the State of West Virginia, to honor a requisition, known as Transmittal No. 390, dated February 3, 1954, submitted by John L. Egle, Business Manager of Shepherd College, a State educational institution, drawn on Account No. 3240, Personal Service, in the amount of $242.77, for the purpose of paying Sarah Helen Cree, Professor of Physical Education at the college, to engage in a regular course of graduate study in physical education at Penn State, State College, Pennsylvania, for the purpose of which Sarah Helen Cree had been granted sabbatical leave by the West Virginia Board of Education, in an effort, the petition alleges, to carry forth the progressive activities deemed by the West Virginia Board of Education to improve the teaching ability of Sarah Helen Cree, which sabbatical leave and payment, the petition alleges, is authorized by Section 12, Article 2, Chapter 74, Acts of the Legislature, Regular Session, 1953, amending Code, 18-2, by adding thereto a new section to be designated as section twelve, (Michie's, 1953, Cum. Supp. to West Virginia Code, 1949, Anno.)

The petition alleges that during the period covered by the requisition Sarah Helen Cree was enrolled and attended a regular graduate course of study in physical education at Penn State, State College, Pennsylvania, for the purpose of which she had been granted sabbatical leave by the West Virginia Board of Education; that sabbatical leaves, such as that granted to Sarah Helen Cree, are designed to improve the teaching ability of the faculty members of the educational institutions of the State in furtherance of the advancement of such educational institutions, and in accordance with the general custom of higher institutions of learning throughout the country.

The petition further alleges that on February 3, 1954,

the date upon which the requisition known as Transmittal No. 390, signed by the Business Manager of Shepherd College, was drawn on Account No. 3240, Personal Service, Shepherd College, there was sufficient money available in that account to pay the requisition, and that nevertheless the respondent auditor has refused, and still refuses, to draw a warrant to pay the amount of such requisition; and further the petition alleges that the refusal of the respondent auditor to honor the requisition is arbitrary and unwarranted, and that the auditor will continue to refuse to honor requisitions of like character, unless and until required to do so by the order of this Court. On the basis of the foregoing this proceeding was instituted.

To the petition the respondent filed a written demurrer, setting forth as grounds therefor that Section 12, Article 2, Chapter 74, Acts of the Legislature, Regular Session, 1953, is unconstitutional. The sole question raised by the respondent's demurrer, which this Court is asked to determine in this proceeding, is whether the pertinent statute, which purports to empower the West Virginia Board of Education to grant sabbatical leaves to faculty members of State educational institutions under the uniform plan adopted by the West Virginia Board of Education is violative of Section 6 of Article X of the West Virginia Constitution; and, more specifically, that Section 12, Article 2, Chapter 74, Acts of the Legislature, Regular Session, 1953, in violation of Section 6 of Article X of the West Virginia Constitution: (1) authorized the payment of moneys from the personal services appropriations of State educational institutions under the control of the West Virginia Board of Education for a private purpose; and (2) the statute grants the credit of the State of West Virginia to a private person in violation of Section 6 of Article X of the State Constitution.

Section 6 of Article X of the West Virginia Constitution, above referred to, provides: "The credit of the State shall not be granted to, or in aid of any county, city, township, corporation or person; nor shall the State ever assume, or become responsible for the debts or liabilities of any

county, city, township, corporation or person; nor shall the State ever hereafter become a joint owner, or stockholder in any company or association in this State or elsewhere, formed for any purpose whatever."

Section 12, Article 2, Chapter 74, Acts of the Legislature, Regular Session, 1953, the statute which the respondent auditor asserts is violative of Section 6 of Article X of the West Virginia Constitution, reads: "The state board of education shall have authority to grant sabbatical leaves to faculty members at the educational institutions under its control for the purpose of permitting them to engage in graduate study, research or other activities calculated to improve their teaching ability. Such leaves shall be granted only in conformity with a uniform plan adopted by the board and shall be subject to such reasonable rules and regulations as the board may prescribe. Any plan adopted by the board shall not provide for the granting of sabbatical leave to any faculty member who has served less than six years at the institution where he is employed, nor shall such leave be for more than one semester at full pay or two semesters at half pay. Any faculty member receiving a sabbatical leave shall be required to return and serve for at least three years at the institution from which he was granted the leave or to repay to the institution the compensation received by him during his leave. Compensation to a faculty member on sabbatical leave shall be paid from the regular personal services appropriation of the institution where he is employed."

Initially, we observe that the West Virginia Board of Education is a public corporation, created by the Legislature of West Virginia, as provided by Section 1, Article 2, Chapter 72, Acts of the Legislature, Regular Session, 1947, which, under Section 13 and Section 13-a, Article 2, Chapter 88, Acts of the Legislature, Regular Session, 1947, has general control, supervision and management of the business and educational affairs of Shepherd College, and other named State educational institutions.

If Section 12, Article 2, Chapter 74, Acts of the Legis-

lature, Regular Session, 1953, as applied to the facts set forth in the petition, is constitutional, the respondent auditor is under the duty, mandatory and ministerial in its very nature, to honor the requisition drawn on the personal service account for the purpose of defraying the expenses of Sarah Helen Cree to engage in graduate study as hereinbefore set forth, and mandamus is the proper remedy to require the respondent auditor to perform the nondiscretionary duty imposed on him by the statute. *John F. Glover* v. *Sims*, 121 W. Va. 407, 3 S. E. 2d 612; *State ex rel. West Virginia Board of Aeronautics* v. *Sims, Auditor*, 129 W. Va. 694, 41 S. E. 2d 506; *State ex rel. Board of Governors of West Virginia University* v. *Sims, Auditor*, 134 W. Va. 428, 59 S. E. 2d 705; *State ex rel. West Virginia Commission on Interstate Cooperation* v. *Sims, Auditor*, 135 W. Va. 257, 63 S. E. 2d 524.

Though it is competent for the respondent auditor to question the authority of the West Virginia Board of Education, under Section 6 of Article X of the West Virginia Constitution, to grant sabbatical leaves to members of the faculties of State educational institutions under its control, as provided by Section 12, Article 2, Chapter 74, Acts of the Legislature, Regular Session, 1953, it is not competent for the auditor to substitute his opinion or judgment for that of the board of education in awarding sabbatical leaves, or to question the wisdom, propriety or even the necessity of such action on the part of the West Virginia Board of Education, or the policy which, in the first instance, the Legislature entertained in enacting Section 12, Article 2, Chapter 74, Acts of the Legislature, Regular Session, 1953. *Johnson* v. *Jones, Auditor*, 52 S. D. 64, 216 N. W. 584. If the proposed payment to the faculty member of Shepherd College, Sarah Helen Cree, is for a public purpose, Section 12, Article 2, Chapter 74, Acts of the Legislature, Regular Session, 1953, does not violate Section 6 of Article X of the West Virginia Constitution, and the payment of the money for the purposes embraced in the requisition on the State auditor is not for a private purpose and does not constitute a grant

of the credit of the State of West Virginia to a private person. In this regard the norm which has been the basis of the holdings of this Court in the "moral obligation" cases of *Woodall* v. *Darst,* 71 W. Va. 350, 77 S. E. 264; *State ex rel. Adkins* v. *Sims,* 130 W. Va. 645, 46 S. E. 2d 81; *State ex rel. Bennett* v. *Sims,* 131 W. Va. 312, 48 S. E. 2d 13; *State ex rel. Catron* v. *Sims,* 133 W. Va. 610, 57 S. E. 2d 465; *State ex rel. Board of Governors of West Virginia University* v. *Sims, Auditor, supra;* and *State ex rel. City of Charleston* v. *Sims,* 132 W. Va. 826, 54 S. E. 2d 729, is applicable to the case at bar.

We are impressed that the granting of sabbatical leaves for the furtherance of graduate work by faculty members of State educational institutions, and the use of public money to defray the expenses of the faculty members while on sabbatical leave, are for a public purpose, and should be sustained by this Court on the ground that the public service generally in the field of public education will be beneficially affected thereby. The granting of such sabbatical leave, as alleged in the petition, is accordant with the general custom in the higher institutions of learning of this country. That the educational institutions of this State have a real interest or stake in the future competence of faculty members of State educational institutions, who are granted such leaves, cannot be gainsaid; and, in our opinion, the payment sought to be required by the petitioner in this proceeding, does not constitute a gratuity or a donation or a loan to a faculty member to whom such leave is granted. Such person under the provisions of Section 12, Article 2, Chapter 74, Acts of the Legislature, 1953, is required, after receiving a sabbatical leave, to return to and serve for at least three years in the institution from which the faculty member was granted such leave, or to repay to the State the compensation received by the faculty member during and for the leave. That a faculty member of a State educational institution to whom the West Virginia Board of Education has granted a sabbatical leave may die or arbitrarily refuse to return to the institution after enjoying sabbatical

leave, and then be unwilling or unable to repay the money paid for the purpose of such leave, as suggested by the respondent auditor in the brief and oral argument of his counsel, seems of little moment, in view of the overall salutary purposes underlying the statute, and the action of the West Virginia Board of Education, which without doubt will raise the standards of the educational facilities of this State. The policy of the Legislature in the enactment of the statute having, as it does, a salutary purpose, should not be thwarted by the position of the respondent auditor, where, as this record discloses, there is in the personal service account, upon which the instant requisition was drawn, sufficient money to pay the same.

While this case is one of first impression in this State, the position above stated, bearing on the specific question before us is supported by the majority rule in the United States. *Johnson* v. *Jones, Auditor, supra; State ex rel. Scoggins* v. *Vernon Parish School Board,* 44 So. 2d 385 (La. 1950); *Kenny* v. *County Court,* 124 W. Va. 519, 21 S. E. 2d 385; *State ex rel. Dudgeon* v. *Levitan,* 181 Wis. 326, 193 N. W. 499 (1923); *Standard Elementary School District* v. *Healy,* 26 Cal. App. 2d 172, 79 P. 2d 123 (1938); and *Board of School Directors* v. *Snyder,* 346 Pa. 103, 29 A. 2d (1942) 34.

Perhaps a leading case is that of *Johnson* v. *Jones, Auditor, supra,* in which the Supreme Court of South Dakota had under consideration constitutional and statutory provisions in a great degree similar to Section 12, Article 2, Chapter 74, Acts of the Legislature, Regular Session, 1953, and Section 6 of Article X of the Constitution of West Virginia. The South Dakota pertinent statute, Section 5574, Revised Code, 1919, as amended by Chapter 138, Laws, 1921, reads: "The board of regents [a constitutional body established under Section 3, Article 14 of the Constitution of South Dakota, having exclusive control of the higher institutions of learning of the State] is authorized to employ and dismiss all officers, instructors and employees of such institutions, necessary to the proper

management thereof, to determine their number, qualifications and duties, fix the term of their employment, and rate and manner of their compensation, and provide for sabbatical leave on part pay; * * *."

In the *Johnson* case the board of regents accepted the resignation of a president of a State institution of learning, elected the resigned president as president emeritus of the institution, and gave him sabbatical leave for one year, at a reduced salary of five thousand dollars a year, with such duties as the board might designate. In that case the South Dakota Court held that the board of regents had authority to elect the resigned president as president emeritus and grant such leave, and that such election and grant were not in violation of the letter or spirit of the Constitution or the statutes of the State, in that "They do not constitute a gratuity or donation, but are for a public purpose, and are sustainable on the ground of their beneficial effect upon the public service."

In the instant case the statute, Section 12, Article 2, Chapter 74, Acts of the Legislature, Regular Session, 1953, provides that the recipient of sabbatical leave shall perform three years' service at the end of the sabbatical leave, at the institution where the faculty member was employed at the time the leave was granted, while the South Dakota statute provided for services as directed by the board of regents during the course of the sabbatical leave. This difference between the two statutes does not serve to distinguish the two cases in principle.

In the rather recent case of *State ex rel. Scoggins* v. *Vernon Parish School Board, supra,* the Court of Appeals of Louisiana awarded a writ of mandamus ordering the school board to grant the relator sabbatical leave for one semester for professional and cultural improvement, notwithstanding the time necessary to obtain the final order in the mandamus case overlapped the period of time for which the relator had applied for leave.

And in the case of *Board of School Directors* v. *Snyder,*

*supra,* the Supreme Court of Pennsylvania held that a school teacher enjoying sabbatical leave was as much a "professional employee" of the school district as if the teacher were in full-time, daily attendance on regular duties, and consequently the teacher was subject to reasonable maternity regulations as adopted by the board.

Bearing generally on the question whether the granting of sabbatical leave in the instant case constitutes the lending of the credit of the State in violation of Section 6 of Article X of the Constitution of West Virginia, see *Kenny, Director of Public Assistance, etc.* v. *The County Court of Webster County,* 124 W. Va. 519, 527, 528, 21 S. E. 2d 385.

For the foregoing reasons we are of opinion that Section 12, Article 2, Chapter 74, Acts of the Legislature, Regular Session, 1953, is not unconstitutional as violative of Section 6 of Article X of the Constitution of West Virginia, and therefore the respondent auditor is charged with the ministerial duty of honoring the requisition submitted to him by the Business Manager of Shepherd College and drawn on personal service Account No. 3240, for the purpose of paying Sarah Helen Cree for her sabbatical leave at Penn State, State College, Pennsylvania. In so holding we apply the norm contained in point 2 of the syllabus of *The State Road Commission of West Virginia* v. *The County Court of Kanawha County,* 112 W. Va. 98, 163 S. E. 815, that: "The general powers of the legislature are almost plenary. It can legislate on every subject not interdicted by the constitution itself."

The writ of mandamus prayed for is therefore awarded.

*Writ awarded.*