STATE *ex rel.* HARTZELL RAY FOSTER

*v.*

GLEN B. GAINER, *State Auditor*

(No. 14999)

Decided December 9, 1980.

*LaVerne Sweeney, Caton Hill, Jr.* for relator.

*Chauncey H. Browning,* Attorney General, *Gregory W. Bailey, Victor A. Barone,* Deputy Attorneys General, for respondent.

HARSHBARGER, JUSTICE:

Hartzell Ray Foster petitions this Court for a writ of mandamus to compel the State Auditor to pay an advanced retainer of $1,000 to a ballistics expert whose presence is required at Foster's murder trial. In April, 1980, we ruled that if an indigent defendant, by his counsel, follows the

requisite procedure and shows good cause for expenditure of expert fees over the statutory maximum, due process requires that he be afforded "the ability to have relevant expert testimony to counter the state's experts." *State ex rel. Foster v. Luff*, 164 W.Va. 413, 264 S.E.2d 477, 480 (1980). Abiding by the necessary procedures, Foster obtained a circuit court order on June 6, 1980, for the state to pay a $1,000 retainer to the Circuit Clerk of Barbour County who will then pay it to the expert. The auditor refused to issue the warrant based on his understanding that he was not authorized to advance payments for personal services not yet performed. Code, 12-3-13; *State ex rel. Lippert v. Sims*, 143 W.Va. 542, 103 S.E.2d 533 (1958).

Code, 51-11-8, provides:

> In each case in which an attorney is assigned under the provisions of this article to perform legal services for a needy person, he shall be compensated for actual and necessary services rendered at the rate of twenty dollars per hour for work performed out of court, and at the rate of twenty-five dollars per hour for work performed in court, but the compensation for services shall not exceed one thousand dollars. Expenses of the attorney in rendering such services, including, but not limited to, necessary expenses for travel, transcripts, investigative services and expert witnesses, shall be reimbursed to a maximum of five hundred dollars, unless the attorney, for good cause shown to the court, shall have received advance approval to incur expenses for a larger sum.

> The attorney shall present to the circuit court an itemized voucher for such services and expenses and an affidavit certifying the same to have been actually performed or incurred, which shall be forwarded to the director of the administrative office of the supreme court of appeals, with an order of the circuit court approving payment of the amount of the voucher or of such lesser sum to which the circuit court shall believe the attorney to

be entitled.[1]

> Payment shall be made by the director of the administrative office to the supreme court of appeals from a fund entitled "Representation of needy persons fund," from appropriations made by the legislature. Such fund shall not be part of the judicial account.

The Legislature has appropriated a special fund for indigent or needy defendants to afford them their constitutional rights. Code, 51-11-1. Payments from and the administration of said fund are duties of the director of the administrative office of the supreme court of appeals. Code, 51-11-8; 51-11-9. The director has approved the expenditure in this case. Code, 12-3-5, makes the order by the director of the administrative office of the supreme court sufficient authority for the auditor to issue the warrant:

> §12-3-5. When requisition to auditor sufficient authority for issuing warrant.
>
> When appropriation has been made by law, subject to the order or payable on the requisition of a particular officer, board, or person, the order or requisition in writing of such officer, board, or person shall be sufficient authority to the auditor to issue his warrant for the same or any part thereof. Provided, that the appropriation has not expired and the amount thereof shall not be exceed.

The factors which justify an auditor's refusal to pay a requisition were enumerated in 45 Op. Atty. Gen. 583, 601 (1954):

> It is the duty of the Auditor to refuse payment of a requisition for expenditure of public funds,
>
> a. if there is no appropriation for the proposed expenditure;

---

[1] The circuit court assured against payment of services potentially unrendered by requiring that payment be made to the circuit clerk until such time as the expert testifies. The existence of the check in the hands of the clerk shall serve as adequate retainer for the expert so that he or she will be assured of payment.

    b. if there is no statute, State or Federal, authorizing the proposed expenditure;

    c. if the statute authorizing the proposed expenditure is unconstitutional;

    d. if the appropriation for the proposed expenditure is not for a public purpose;

    e. if the requisition for the proposed expenditure shows on its face that it is for a public or otherlawful purpose, but the Auditor has reasonable proof available that, in fact, the money has been spent, or is proposed to be spent, for personal or private gain.

There is an appropriation; statutory authority (Code, 51-11-8); a constitutional requirement of due process and equal protection underlying the expenditure (*see State ex rel. Foster v. Luff, supra, Bullett v. Staggs,* 162 W.Va. 199, 250 S.E.2d 38 (1978) ); a clear public purpose in equal justice without regard to wealth; and no proof that the money is or will be spent for personal or private gain.

Advance payment to an expert does not violate Code, 12-3-13, proscribing salary advances, because the expert is neither an officer nor employee of the state. Advances are not lending the credit of the state in violation of W. Va. Const. art. 10, §6.[2]

In *State ex rel. Lippert v. Sims, supra,* the Court held that a department head has no authority to request payment as "damages" to an employee who rendered no services during a period when she was wrongfully terminated. That is not precedent for the proposition that this request is unlawful.

Advances are permitted for travel expenses if made in compliance with certain rules. *See generally* Code, 12-3-11.

---

   [2] W.Va. Const. art. 10, §6:

"The credit of the State shall not be granted to, or in aid of any county, city, township, corporation or person; nor shall the State ever assume, or become responsible for the debts or liabilities of any county, city, township, corporation or person; nor shall the State ever hereafter become a joint owner, or stockholder in any company or association in this State or elsewhere, formed for any purpose whatever."

Requisitions for annual dues in a voluntary association properly authorized by a department for a public purpose are to be paid by the auditor. *State ex rel. Board of Governors of West Virginia University v. Sims*, 140 W.Va. 64, 82 S.E.2d 321 (1954). The auditor is not to substitute his opinion or judgment for that of a state board, officer or department if it acts by statutory authority. *State ex rel. West Virginia Board of Education v. Sims*, 139 W.Va. 802, 81 S.E.2d 665 (1954).

A writ of mandamus shall issue to require the auditor to pay the requisition for Foster's expert witness fees.

*Writ granted.*