443 S.E.2d 222

Barbara Ann **QUESINBERRY**, Plaintiff,

v.

Michael R. **QUESINBERRY**, Defendant.

Tina Michelle **CARTER**, Plaintiff,

v.

Jerome Elwood **CARTER**, Jr., Defendant.

No. 21927.

Supreme Court of Appeals of West Virginia.

Submitted Jan. 12, 1994.

Decided March 24, 1994.

5. *See* note 2, *supra.*

Rebecca M. Bell, Bell & Griffith, Princeton, for Carter Infant.

Thomas Berry, Johnson & Holroyd, Princeton, for Mr. Quesinberry.

John M. Hedges, Administrative Office of the West Virginia Supreme Court of Appeals, Charleston, for Ted Philyaw.

NEELY, Justice.

These consolidated actions are before this Court upon certified questions pursuant to *W.Va.Code* 58–5–2 [1967] and Rule 13 of the *Rules of Appellate Procedure* [1979]. The questions certified by the Circuit Court of Mercer County relate to appointment of counsel by a court and compensation for such counsel.

Both actions are divorce proceedings. In *Quesinberry v. Quesinberry,* an indigent wife represented by the Appalachian Research and Defense Fund sued her incarcerated

husband, who was on death row in North Carolina on a first-degree murder conviction, for divorce. Pursuant to Rule 17(c), *W.V.R.C.P.* [1978], which provides for court appointment of a lawyer as guardian *ad litem* for convicts not otherwise represented, Thomas L. Berry, Esq. was appointed as guardian *ad litem* for the defendant. The final divorce order was entered on 7 June 1991.

In *Carter v. Carter,* the parties, after alleging and admitting in the pleadings that a child had been born of their marriage, presented a proposed agreed order indicating that there were no children born of the marriage—in effect, bastardizing the child. Pursuant to our holding in *Michael K.T. v. Tina L.T.,* 182 W.Va. 399, 387 S.E.2d 866 (1989), which mandates court appointment of a guardian *ad litem* for an infant child in an action initiated to disprove that child's paternity, the court then appointed Rebecca M. Bell, Esq. to represent the interests of the child. Subsequently, the court found the child to be a legitimate child of the marriage. The court also found that neither party had the ability to pay Ms. Bell's fees.

Upon conclusion of the *Quesinberry* and *Carter* actions, each guardian *ad litem* moved for payment of counsel fees. Following hearings held on 8 February 1993 and 19 April 1993, the circuit court concluded that the Administrative Office of the Supreme Court of Appeals was responsible for payment of these counsel fees, and directed that several questions with respect to court-appointed counsel in civil actions be certified to this Court. The circuit court's order, entered 4 May 1993, set forth the following certified questions:

1. Where an attorney at law is appointed as guardian *ad litem* for an incarcerated convict named as a defendant in a civil action pursuant to the provisions of Rule 17(c) of the *West Virginia Rules of Civil Procedure,* what entity should be responsible for compensating that guardian *ad litem* for his/her fees and expenses?

Answer of Circuit Court: The Administrator's Office of the West Virginia Supreme Court of Appeals.

2. Where an attorney at law is appointed as guardian *ad litem* for an infant child in an action initiated to disprove that child's paternity as provided for in *Michael K.T. v. Tina L.T.,* 182 W.Va. 399, 387 S.E.2d 866 (1989), what state entity is responsible for compensating that guardian *ad litem* for his/her fees and expenses when neither party nor the infant are financially able to pay?

Answer of Circuit Court: The Administrator's Office of the West Virginia Supreme Court of Appeals.

3. (A) Can a circuit court appoint an attorney at law to represent a party in a divorce action involving a custody dispute when that party is currently unrepresented and would qualify for legal aid on the basis of indigency, except for the fact that the opposing party is already represented by the local legal aid entity?

Answer of Circuit Court: Yes.

(B) Is the court's power of appointment broader than situations described in 3(A) above, and can the circuit court appoint an attorney for an indigent party even if the other party is not represented by the "legal aid entity" and/or can the court's power of appointment extend to indigent parties to civil actions other than divorce actions involving custody disputes when no legal aid entity will represent the indigent persons?

Answer of Circuit Court: Yes.

(C) Where an attorney is appointed to represent indigent parties in situations described in 3(A) and 3(B) above, what entity is responsible for compensating that attorney for his/her fees and expenses?

Answer of Circuit Court: No entity is responsible; attorneys appointed under these situations will perform services without pay—in effect a court-ordered *pro bono* appointment.

We address these questions *seriatim.*

I.

The first question certified by the circuit court asks us which entity should be responsible for paying a lawyer appointed as a guardian *ad litem* for an incarcerated convict

named as a defendant in a civil action pursuant to the provisions of Rule 17(c), *W.V.R.C.P.*. The circuit court found that the Administrative Director of the West Virginia Supreme Court of Appeals (Administrative Director) is responsible.

*W.Va. Const.*, Art. VIII, § 3 and *W.Va. Code* 51–1–15 [1974] charge the Administrative Director with the administration and operation of the State court system. The Administrative Director's duties include the preparation of a proper budget for the maintenance, support and operation of the courts as well as the authorization of payment for those items and services obtained within that budget as are authorized by law. *See W.Va. Code* 51–1–17 [1981].

In *State ex rel. Foster v. Gainer*, 166 W.Va. 88, 272 S.E.2d 666, 667 (1980), we drew the contours of the Administrative Director's spending authority, determining that sufficient authorization existed for payments by the Administrative Director if each of the following factors were justified to the Auditor for payment through his offices: [1]

(a) there is an appropriation for the proposed expenditure;

(b) there is a valid statute, state or federal, authorizing the proposed expenditure;

(c) the appropriation for the proposed expenditure is for a public purpose, and not for personal or private gain.

■■ Because there is neither a valid statute nor an appropriation for an expenditure providing compensation to a lawyer appointed as a guardian *ad litem* for an incarcerated convict named as a defendant in a civil action, there exists no lawful authority for a trial court to order, or the Administra-

tive Director to pay the guardian *ad litem* fees in such an action.

Rule 17(c), *W.V.R.C.P.* provides in pertinent part:

The court or clerk shall appoint a discreet and·competent attorney at law as guardian *ad litem* for an infant, incompetent person, or convict not otherwise represented in an action, or the court shall make such order as it deems proper for the protection of any person under a disability.

Notably, Rule 17(c), while requiring that a guardian *ad litem* be appointed for an incarcerated convict named as defendant in a civil action, does not include a provision charging any entity with the responsibility of paying for the services of such a guardian *ad litem*. Indeed, the only source of authority in this State allowing compensation for an attorney appointed as a guardian *ad litem* for an incarcerated convict—Rule XIII of the *Trial Court Rules for the Trial Courts of Record (Trial Court Rules)*—mandates that the compensation be taxed as part of the costs of the proceeding. Under *W.V.R.C.P.*, Rule 54(d) [1978], such costs are taxed and chargeable only against a non-prevailing party and, where state officers or agencies are the non-prevailing parties in an action, only to the extent expressly permitted by law.[2] Where, however, a guardian *ad litem* is appointed to represent an incarcerated convict named as a defendant in a civil action, the Administrative Director is not a party, much less a non-prevailing one. Thus, the Administrative Director is not responsible in any instance for compensating a guardian *ad litem* appointed to represent an incarcerated convict named as a defendant in a civil action.

---

**1.** *See W.Va.Code* 12–3–1 [1990].

**2.** The cases from which today's certified question arise involve indigent litigants on all sides. However, the question of who pays for guardians *ad litem* may arise in other contexts where it is wholly inappropriate to place the burden on practicing lawyers. We believe that even though Rule 54(d), *W.V.R.C.P.* provides for the taxing of costs against a non-prevailing party, a court still has discretion to require entities who raise issues that *force* the appointment of a guardian *ad litem* to pay the costs. Thus, when an insurance company or other well-financed litigant crossclaims, counterclaims, or otherwise joins an indigent to

a lawsuit, the trial court has discretion to require the party creating the problem that compels appointment of a guardian *ad litem* to pay for such a guardian. This rule is necessary lest the lawyers of this State be overwhelmed by court-appointed work; although the solution is not perfect, it is more just to require a well-heeled party to litigation which joins an indigent for tactical purposes to pay the fees than it is for a wholly innocent practicing lawyer to bear the cost, often at the expense of his meager livelihood since not all lawyers in our rural areas are living high on the hog.

■ We should note that, as recognized in the last portion of Rule 17(c), *W.V.R.C.P.* [1978], the appointment of a guardian *ad litem* for an incarcerated convict in a civil action is not mandatory if the court can reasonably order another appropriate remedy while the convict remains under the legal disability of incarceration. In *Payne v. Superior Court*, 17 Cal.3d 908, 132 Cal.Rptr. 405, 553 P.2d 565 (1976), the California Supreme Court recognized several alternatives to appointment of a guardian *ad litem* for indigent incarcerated defendants. If the term of confinement of a prisoner is not long, the court may defer the action against the prisoner until release, provided that such a continuance is not prohibited by law and postponement of the action will not substantially prejudice the rights of the adverse party. *Id.* 132 Cal.Rptr. at 416, 553 P.2d at 576. If a continuance is not feasible, the court should determine whether a guardian *ad litem* is essential for the protection of the incarcerated defendant's rights under the particular circumstances of the pending action. If, for example, the prisoner is not contesting the suit, there is no need for counsel. Even if the prisoner is contesting any aspect of the suit, the court should determine whether an adverse judgment against the prisoner on the contested issues would affect any present or future property rights. *Id.* 132 Cal.Rptr. at 417, 553 P.2d at 577. In short, the appointment of a guardian *ad litem* is within the court's discretion if the court determines that any of the above alternatives is not feasible.

## II.

The second certified question asks us to determine which state entity is responsible for paying a lawyer appointed as guardian *ad litem* to represent an infant child in an action initiated to disprove that child's paternity when neither party nor the infant is able to pay. The circuit court found that the Administrative Director of the West Virginia Supreme Court of Appeals is the appropriate entity to pay a guardian *ad litem* for fees and expenses incurred in such an action.

■ As in cases where a guardian *ad litem* is appointed to represent an incarcerated convict in a civil action described above, there is, contrary to the circuit court's finding, no statutory authority for the Administrative Director to pay such compensation. In *Carter*, Mr. Berry was appointed by the trial court pursuant to syllabus point 4 of *Michael K.T. v. Tina L.T.*, 182 W.Va. 399, 387 S.E.2d. 866 (1989) which provides:

A guardian *ad litem* should be appointed to represent the interests of the minor child whenever an action is initiated to disprove the child's paternity.

Although in *Michael K.T.*, we observed that "the fees of such guardian *ad litem* are to be borne by the party or parties to the divorce who the court determines is/are best able to bear such expense, or in the case of indigency of the parties by the state," we did not expressly indicate the appropriate payor agency of the State. *Michael K.T., supra,* 387 S.E.2d at 873.

■ The only promulgated rule with respect to compensation for guardians *ad litem*—Rule XIII of the *Trial Court Rules*—mandates that the compensation be taxed as part of the costs of the proceeding. Under *W.Va.Code* 29–21–1 *et seq.* [1990], if compensation for a guardian *ad litem* cannot be ordered paid by either of the parties pursuant to the *Trial Court Rules*, Rule XIII by reason of indigency, the minor child is "an eligible client" and the paternity proceeding an "eligible proceeding" requiring payment through the Office of Public Defender Services. In an analogous context, where a lawyer is appointed as guardian *ad litem* to protect a child's interests in an abuse and neglect proceeding where parental rights may be terminated, this Court recently noted that the child is an "eligible client" under *W.Va. Code* 29–21–2(1) [1990], entitling the lawyer to compensation through Public Defender Services. *In Re Jeffrey R.L.*, 190 W.Va. 24, 435 S.E.2d 162, 177 n. 27 (1993). Clearly, then, it was the intent of the legislature that *W.Va.Code* 29–21–2 [1990] also cover a guardian *ad litem* in an action initiated to disprove that child's paternity when neither party nor the infant is able to pay. Accordingly, we hold that a trial court may require the Office of Public Defender Services to compensate an attorney appointed as guard-

ian *ad litem* to represent an infant child in an action to disprove that child's paternity when neither party nor the infant is able to pay. Contrary to the circuit court's finding, there is no statutory basis to order that the Court Administrator's office to pay the guardian *ad litem's* fees and expenses.

## III.

█ The third certified question asks us to make two determinations with regard to the appointment of counsel by a court and compensation for such counsel: first, the ambit of a court's power to appoint guardians *ad litem* for indigent parties in civil actions; and second, the appropriate entity for compensating lawyers appointed as guardians *ad litem* for indigent parties in civil actions.

In *Powell v. Alabama*, 287 U.S. 45, 73, 53 S.Ct. 55, 65, 77 L.Ed. 158 (1932), the United States Supreme Court recognized that a court's power to appoint counsel, "even in the absence of a statute, cannot be questioned. Attorneys are officers of the court, and are bound to render service when required by such an appointment." In *State ex rel. Partain v. Oakley*, 159 W.Va. 805, 227 S.E.2d 314, 320 (1976), we echoed this recognized authority of courts to appoint needed counsel and the concomitant duty of lawyers to serve:

> [T]his Court clearly has the authority to deal with the question of whether attorneys will or will not be required to provide service under appointment. As the highest judicial body in this State, this Court has the inherent power to define, supervise, regulate and control the practice of law in West Virginia. This power exists both inherently and by specific recognition in our Constitution and statutes.

Furthermore, as a condition to the practice of law in West Virginia, Rule 6.2 of the *Rules of Professional Conduct* prohibits a lawyer from seeking to "avoid appointment by a tribunal to represent a person except for a good cause...." According to the commen-

tary under Rule 6.2, lawyers may be subject to appointment by the court to serve unpopular clients or persons unable to afford legal services. In short, with or without statutory expression, the court's power of appointment extends to indigent parties when no legal aid entity will represent the indigent person and without a lawyer the ends of justice are likely to be seriously confounded.

█ Finally, we are asked to determine which entity is responsible for compensating a lawyer for fees and expenses when the lawyer is appointed to represent indigent parties in civil actions. We agree with the circuit court's finding that no entity is responsible; lawyers appointed in civil cases shall perform services for indigent clients without pay. Although lawyers have the right to be fairly compensated,[3] in a limited number of instances where a court determines that the services of counsel are essential to see that justice is done in private civil litigation, a court may appoint a lawyer to serve an indigent person.

In *Jewell v. Maynard*, 181 W.Va. 571, 383 S.E.2d 536, 546 (1989), this Court recognized the propriety and constitutionality of requiring lawyers to serve *pro bono* in this State:

> The dedication of lawyers to public service is reflected by the fact that lawyers are accorded substantial public benefits: They have a state-imposed monopoly in appearing for others in the courts, on drafting legal documents, and on giving legal advice; they conduct much of their business in facilities paid for by the taxpayers; and, they practice before judges whose salaries and logistical support are furnished entirely at public expense. Every student who enters law school understands that it is an ancient and honored tradition of the law that a reasonable part of a lawyer's time be devoted to uncompensated public service.

---

3. We note that compensation to counsel appointed to represent indigent persons is properly provided by the legislature in a substantial number of cases, specifically, those involving a potential deprivation of a substantial liberty interest. These actions include criminal, probation, and parole charges that may result in incarceration; juvenile proceedings; contempt of court; child abuse and neglect proceedings that may result in termination of parental rights; mental hygiene commitment proceedings; paternity proceedings; extradition proceedings; and appeals and post-conviction challenges to a judgment in any of these actions. *See W.Va.Code* 29–21–1 *et seq.*

Notably, the *Jewell* Court did recognize that there are constitutional implications if court-appointed criminal cases are not spread equally among members of the bar. Under circumstances where uncompensated or undercompensated representation begins to pose an unreasonable financial burden on a particular lawyer, relief should be granted by the court. *Jewell, supra,* 181 W.Va. 571, 383 S.E.2d at 546–47 (1989). Likewise, the relatively limited number of civil cases where the circuit courts find it necessary to appoint a lawyer without compensation to protect vital interest of an indigent litigant should be equitably distributed among members of the local bar.

Certified Questions Answered.