# STATE OF WEST VIRGINIA
# SUPREME COURT OF APPEALS

**Michael G., Petitioner Below,**
**Petitioner**

**FILED**

September 11, 2015

**RORY L. PERRY II, CLERK**
**SUPREME COURT OF APPEALS**
**OF WEST VIRGINIA**

**vs)   No. 14-0914** (Monongalia County 12-D-224)

**Amy T., Respondent Below,**
**Respondent**

## MEMORANDUM DECISION

Petitioner Michael G.,[1] *pro se*, appeals the order of the Circuit Court of Monongalia County, entered August 11, 2014, affirming the July 10, 2014, order of the Family Court of Monongalia County. In its July 10, 2014 order, the family court (1) denied petitioner's motion to sanction respondent for allegedly violating the court's prior orders regarding petitioner's mail and telephone contact with the parties' minor children; (2) modified petitioner's mail and telephone contact with the children; and (3) directed respondent to mail petitioner certain papers and belongings. Respondent Amy T., *pro se*, did not file a response.[2]

The Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these

---

[1] Because this case involves sensitive facts, we protect the identities of those involved by using the parties' first names and last initials; and identify the children by using their initials only. *See State ex rel. W.Va. Dept. of Human Servs. v. Cheryl M.*, 177 W.Va. 688, 689 n. 1, 356 S.E.2d 181, 182 n. 1 (1987).

[2] On August 7, 2015, this Court entered an amended scheduling order noting that respondent failed to file a response and directed respondent to do so. However, despite this Court's order, respondent did not file a response. Pursuant to Rule 10(d) of the West Virginia Rules of Appellate Procedure, if a respondent fails to respond to an assignment of error, this Court will assume that the respondent agrees with petitioner's view of the issue. However, the Court declines to rule in petitioner's favor simply because respondent failed to file a response. *See* Syl. Pt. 8, *State v. Julius* 185 W.Va. 422, 424, 408 S.E.2d 1, 3 (1991) ("This Court is not obligated to accept the State's confession of error in a criminal case. We will do so when, after a proper analysis, we believe error occurred.").

1

reasons, a memorandum decision affirming the circuit court's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

The record does not reflect that the parties were ever married. Currently, petitioner is incarcerated in federal prison. Petitioner has been granted mail and telephone contact with the parties' minor children, K.G and D.G.[3] In his motion for sanctions, petitioner alleged that respondent violated the family court's prior orders regarding petitioner's mail and telephone contact. At the time of petitioner's motion, petitioner's mail and telephone visitation with K.G. and D.G. was governed by prior orders entered on August 5, 2013, and January 10, 2014. Accordingly, the family court found the following:

> Both the August 5, 2013, order and the January 10, 2014, order contemplated that the children would write [petitioner] at least one letter per month. [Respondent] was not to interfere with that in any regard, and she was to post the letters within a day or two of receiving them from the children for mailing. [Respondent] also was ordered to provide [petitioner's] letters to the children subject to certain restrictions.

Among those restrictions were that petitioner was prohibited from pressuring the children to write him more than once a month and from undermining the children's relationship with respondent. The August 5, 2013, order also required petitioner to keep the family court notified of his current location within the federal prison system and required respondent to make copies of petitioner's letters to the children and the children's letters to petitioner, and to provide the copies to the family court for the court's review. The January 10, 2014, order relieved respondent from the obligation of making copies of the letters and awarded petitioner phone contact with the children pursuant to the parties' agreement. Petitioner's obligation "not [to] denigrate [respondent] or enquire of [respondent's] activities in his letters to the children" was restated.

Following a July 9, 2014, hearing on petitioner's motion for sanctions,[4] the family court denied the motion finding that it was never the court's intent "to give [petitioner] a means of brow-beating the children or undermining the relationship between [respondent] and the children." With regard to the oldest child, K.G., the family court found that by March of 2014, petitioner and K.G. had a falling out. Petitioner became angry that K.G was not writing him. Consequently, in two undated letters, petitioner disowned K.G. by telling the child that K.G. had let him down, that K.G. should not write back because "I won't write you again," and that "[i]f you treat me like this then I must treat you as no longer being my son." With regard to the younger child, D.G., the family court found that in a March 13, 2014, letter to D.G., petitioner repeatedly attacked both respondent and K.G., specifically calling K.G. "a little liar." The family court also determined that petitioner's letter to D.G. contained threats both about the instant case and about what petitioner will do when he is released from prison, stating that "everyone [who] thinks this is some joke . . .

---

[3] K.G. was born on March 26, 1999, and D.G. was born on November 10, 2003.

[4] The recording of the July 9, 2014, hearing has been reviewed.

are not gona [sic] like this sh*t much the day I do finally get out[.]" The family court concluded that petitioner's letters were "angry, manipulative and threatening."

In addition to finding that respondent did not violate its directives regarding petitioner's mail and phone contact with the children, the family court modified its prior orders. First, the family court ordered that any letters or phone calls between petitioner and K.G., who was fifteen years old, would be at K.G.'s discretion. Second, the family court gave petitioner "one last chance" to correspond with D.G., but ordered that petitioner could not: (1) threaten D.G., K.G., respondent, or anyone else with whom D.G. has a relationship; (2) speak negatively about D.G., K.G., respondent, or anyone else with whom D.G. has a relationship; (3) discuss this or any other proceeding with D.G.; or (4) ask D.G. for money or suggest that D.G. ask respondent or anyone else to send petitioner money. The family court directed respondent to request that her parents unblock petitioner's telephone calls to their home, but ordered that it would not find respondent in contempt if respondent's parents, who were not parties to the case, refused her request.

Also, in its July 10, 2014, order, the family court found that prior to his original prison transfer, petitioner sent respondent certain papers and belongings without her permission to do so and had since been pressuring both respondent and the children to send the items back to him at their cost. The family court noted that respondent was indigent and the sole source of income for the children. The family court directed respondent to return petitioner's papers and belongings to him, but ordered that if respondent did not have the financial resources to do so, she could enlist the aid of the court to mail the papers and belongings to petitioner.

Petitioner filed two appeals of the family court's July 10, 2014, order. The circuit court addressed the merits of petitioner's first appeal. First, the circuit court found that "[t]he statements [Petitioner] denies he made were contained in the letters that he wrote to [K.G.] and [D.G.]" and that those statements were "threatening and derogatory." The circuit court also found that it was not error for the family court to admit into evidence the letters that respondent introduced. Third, the circuit court determined that respondent mailed petitioner's papers and belongings to him on August 11, 2014. Finally, the circuit court noted that an incarcerated person is not automatically entitled to the appointment of a guardian ad litem ("GAL") and, therefore, concluded that the family court's failure to appoint a GAL for petitioner did not constitute error. Accordingly, the circuit court affirmed the family court's July 10, 2014, order, in an order entered on August 11, 2014. The circuit court denied petitioner's second appeal on September 5, 2014, finding (1) that the subsequent appeal was time-barred pursuant to West Virginia Code § 51-2A-11(a) because it was filed beyond thirty days after the entry of the family court's order; and (2) that the subsequent appeal was moot because it raised the same grounds as petitioner's first appeal.

Petitioner now appeals to this Court. We review the matter under the following standard:

In reviewing a final order entered by a circuit court judge upon a review of, or upon a refusal to review, a final order of a family court judge, we review the findings of fact made by the family court judge under the clearly erroneous standard, and the application of law to the facts under an abuse of discretion standard. We review questions of law *de novo*.

3

Syl., *Carr v. Hancock*, 216 W.Va. 474, 475, 607 S.E.2d 803, 804 (2004).

On appeal, petitioner makes seven assignments of error, which we address *seriatim*. First, petitioner contends that both Circuit Court Judge Clawges and Family Court Judge Minor should have been disqualified from this case because the judges were prejudiced against him. We note that the record reflects that petitioner did not file a motion for Judge Clawges's disqualification pursuant to West Virginia Trial Court Rule 17.01, which sets forth the procedure to be utilized for such motions. Petitioner did file a motion pursuant to Rule 17.01 with regard to Judge Minor subsequent to the filing of the instant appeal. By an administrative order entered on December 4, 2014, then-Chief Justice Robin Jean Davis denied the motion and directed Judge Minor to continue presiding in the parties' case. Therefore, we decline to address petitioner's argument that Judge Clawges should have been disqualified because petitioner failed to file the appropriate motion under Rule 17.01 and find petitioner's argument that Judge Minor should have been disqualified has already been adjudicated in accordance with Rule 17.01.

Second, petitioner contends that both the circuit court and the family court engaged in *ex parte* communication with respondent about sending petitioner's papers and belongings to him. We find that even if *ex parte* communication occurred regarding that issue, such communication was authorized by the family court's July 10, 2014, order, which provided that if respondent did not have the financial resources to mail the papers and belongings to petitioner, she could enlist the aid of the court in an effort to comply with that part of the order. Therefore, we find that any such communication was not improper. To the extent that petitioner is arguing that his papers and belongings have not reached him, we find that even if petitioner is still waiting for his items to arrive, that is the fault of neither the lower courts nor respondent.

In his third assignment of error, petitioner contends that the circuit court mishandled his appeal. Petitioner asserts that his first appeal to the circuit court was merely his "notice of appeal" and that the subsequent appeal was petitioner's actual appeal. We find that even assuming *arguendo* that an error occurred, it was harmless because, upon our review of the appeal documents, they both set forth the same issues and, therefore, the circuit court correctly determined that its August 11, 2014, order adequately resolved petitioner's appeal.

Fourth, petitioner contends that because he is incarcerated, the family court should have appointed a GAL to represent his interests. Under Rule 17(c) of the West Virginia Rules of Civil Procedure, "the appointment of a guardian *ad litem* for an incarcerated convict in a civil action is not mandatory if the court can reasonably order another appropriate remedy while the convict remains under the legal disability of incarceration." *See* Syl. Pt. 2, in part, *Quesinberry v. Quesinberry,* 191 W.Va. 65, 67, 443 S.E.2d 222, 224 (1994). The family court permitted petitioner to appear at hearings telephonically so that he could represent his own interests in this proceeding. Therefore, we determine that the family court had no obligation to appoint a GAL for petitioner and did not err in not doing so.

Fifth, petitioner contends that the family court should not have interviewed K.G. and D.G *in camera*. Petitioner asserts that he is entitled to a transcript of what the children told the family

court. However, the purpose of interviewing children *in camera* is to allow children to freely express their views and concerns outside of parental influence. *See Storrie v. Simmons*, 225 W.Va. 317, 322 n. 5, 693 S.E.2d 70, 75 n. 5 (2010) (noting that family court interviewed children *in camera* and sealed their testimony because of "the children's anxiety and hesitation to testify."). Therefore, we determine that the family court did not err in interviewing K.G. and D.G. *in camera* and that petitioner is not entitled to a transcript of what the children said.

In his sixth assignment of error, petitioner contends that the family court erred in admitting into evidence the letters respondent introduced at the July 9, 2014, hearing on petitioner's motion for sanctions. "[R]eview of evidentiary rulings is under the abuse of discretion standard." *Skaggs v. Elk Run Coal Co., Inc.*, 198 W.Va. 51, 63, 479 S.E.2d 561, 573 (1996). Petitioner asserts that the letters were not authenticated and that he was not afforded an opportunity to examine them before their admission. However, the record clearly reflects that respondent regularly made copies of the parties' letters because (1) the family court periodically required respondent to make copies of the letters for its review and (2) petitioner filed multiple motions for sanctions and/or enforce prior orders prompting respondent to make copies in an effort to protect herself.[5] The fact that respondent needed to shield herself against petitioner's allegations is substantiated by the family court's finding that petitioner could be both "threatening" and "manipulative." In such circumstances—and given respondent's established practice of making copies of the parties' letters—we cannot say that the family court abused its discretion in admitting into evidence the letters that respondent introduced.

Finally, addressing the substance of the family court's denial of his motion for sanctions, petitioner states that he wants unrestricted mail and phone contact as well as in person visits from the children. The issue of in person visits did not arise until after petitioner's transfer to a federal correctional facility in West Virginia, which occurred subsequent to the entry of the family court's July 10, 2014 order; therefore, that issue is not a proper subject of this appeal. With regard to the significant limitations the family court placed on petitioner's mail and phone contact, we note that "[a]lthough parents have substantial rights that must be protected, the primary goal . . . in all family law matters . . . must be the health and welfare of the children." Syl. Pt. 3, *In re Katie S.*, 198 W.Va. 79, 82, 479 S.E.2d 589, 592 (1996); *see also Michael K.T. v. Tina L. T.*, 182 W.Va. 399, 405, 387 S.E.2d 866, 872 (1989) ("[T]he best interests of the child is the polar star by which decisions must be made which affect children."). Upon our review of the record, we agree with the circuit court that "[t]he statements [Petitioner] denies he made were contained in the letters that he wrote to [K.G.] and [D.G.]" and that the family court did not err in finding that those statements were "threatening and derogatory" toward both the children and respondent. We conclude that the family court did not abuse its discretion in denying petitioner's motion for sanctions and also modifying its prior orders so that (1) the oldest child, K.G., has contact with petitioner at K.G.'s discretion; and (2) petitioner's correspondence with D.G. is restricted such that petitioner may not: (a) threaten D.G., K.G., respondent, or anyone else with whom D.G. has a relationship; (b) speak negatively about D.G., K.G., respondent, or anyone else with whom D.G. has a relationship; (c)

---

[5] In addition to the instant motion for sanctions, according to the docket sheet, petitioner filed similar motions on June 10, 2013, and September 3, 2014.

discuss this or any other proceeding with D.G.; or (d) ask D.G. for money or suggest that D.G. ask respondent or anyone else to send petitioner money.

For the foregoing reasons, we affirm the circuit court's August 11, 2014, order upholding the family court's July 10, 2014, order.

Affirmed.

**ISSUED**: September 11, 2015

**CONCURRED IN BY**:

Chief Justice Margaret L. Workman
Justice Robin Jean Davis
Justice Brent D. Benjamin
Justice Menis E. Ketchum
Justice Allen H. Loughry II