IN THE INTERMEDIATE COURT OF APPEALS OF WEST VIRGINIA

**WEST VIRGINIA DEPARTMENT OF HEALTH AND HUMAN RESOURCES, BUREAU FOR CHILD SUPPORT ENFORCEMENT,**
Petitioner Below, Petitioner

FILED
**May 23, 2024**

ASHLEY N. DEEM, DEPUTY CLERK
INTERMEDIATE COURT OF APPEALS
OF WEST VIRGINIA

**v.) No. 23-ICA-521**   (Family Ct. Kanawha Cnty. No. 23-D-593)

**KAYLA G. and DENNIS L.,**
**Respondents Below, Respondents**

## MEMORANDUM DECISION

Petitioner West Virginia Department of Health and Human Resources, Bureau for Child Support Enforcement ("BCSE") appeals the Family Court of Kanawha County's October 31, 2023, order that dismissed its petition to establish paternity because the putative father, Respondent Dennis L.,[1] was incarcerated and not set to be released until 2027. The family court's decision was based upon its finding that the expenses incurred to establish paternity were not justifiable because Respondent Kayla G.'s child support award would be set to zero due to Dennis L.'s incarceration.[2] Kayla G. and Dennis L. did not participate in this appeal.[3]

This Court has jurisdiction over this appeal pursuant to West Virginia Code § 51-11-4 (2022). After considering the parties' arguments, the record on appeal, and the applicable law, this Court finds that there is error in the family court's decision but no substantial question of law. This case satisfies the "limited circumstances" requirement of Rule 21(d) of the Rules of Appellate Procedure for a memorandum decision. For the

---

[1] To protect the confidentiality of the juvenile involved in this case, we refer to the parties' last name by the first initial. *See, e.g.,* W. Va. R. App. P. 40(e); *State v. Edward Charles L.,* 183 W. Va. 641, 645 n.1, 398 S.E.2d 123, 127 n.1 (1990).

[2] The BCSE is represented by Mark L. French, Esq.

[3] We recognize our limited and circumspect review of a family court order in an uncontested appeal, like this one, where no respondent participates on appeal to support the order.

reasons set forth below, the family court's decision is vacated, and this case is remanded for further proceedings consistent with this decision.

Kayla G. gave birth to a child in November 2022. Kayla G. was unmarried at the time of conception and birth, but she alleges that Dennis L. is the child's father. Prior to this action, Kayla G. applied for public assistance benefits, which she now receives. Dennis L. is currently incarcerated and scheduled to be released in 2027.

In July 2023, the BCSE filed a petition to establish paternity in the Family Court of Kanawha County, requesting that the family court adjudicate Dennis L. as the father of the child and that the child's birth certificate be amended to reflect the same. On August 15, 2023, the family court dismissed the petition to establish paternity, holding that no child support would be ordered due to Dennis L.'s incarceration. Thereafter, the BCSE moved the family court to reinstate the action, which was granted by order entered September 1, 2023.

On October 30, 2023, the family court held a hearing on the BCSE's petition. During the hearing on the record, the family court judge stated:

> To me, if we go after [the putative father] now and spend the money for a guardian ad litem, which we'll have to pay, an attorney is the guardian ad litem, and then, that's because [the putative father] is in jail, and then a test for the paternity, okay, then that money is just lost away, you know? It's not recoverable. Plus, there's no support. I'd have to set support to zero. See what I'm saying? I'd be more than happy when he gets out to make him submit to a test but now I just don't see it.

This statement is restated with less detail in the family court's Final Paternity Dismissal Order, entered on October 31, 2023, which states that "[t]his action is DISMISSED without prejudice and stricken from the docket of the [c]ourt due to the incarceration of [Dennis L.] who is not scheduled to be released until 2027." It is from this order that the BCSE appeals.

When reviewing the order of a family court, we apply the following standard of review:

> In reviewing . . . a final order of a family court judge, we review the findings of fact made by the family court judge under the clearly erroneous standard, and the application of law to the facts under an abuse of discretion standard. We review questions of law *de novo*. Syl. Pt., [in part,] *Carr v. Hancock*, 216 W. Va. 474, 607 S.E.2d 803 (2004).

2

*Amanda C. v. Christopher P.*, 248 W. Va. 130, 133, 887 S.E.2d 255, 258 (Ct. App. 2022); *accord* W. Va. Code § 51-2A-14(c) (2005) (specifying standards for appellate court review of family court orders).

The BCSE argues on appeal that the family court erred when it dismissed the petition to establish paternity by reasoning that the cost of establishing paternity was cost prohibitive given that Dennis L. was incarcerated, would require a guardian ad litem, and would be unable to pay a child support obligation. In support of its argument, the BCSE asserts that pursuant to West Virginia Code § 48-18-105 (2003), the BCSE is tasked with undertaking "activities to obtain and enforce support orders and establish paternity" and that West Virginia Code § 48-24-101(d) (2002)[4] contains no language that allows a family court to decline to act in a paternity action based upon the cost involved in the process. The BCSE further contends that the establishment of paternity has other important legal implications as well.[5] We agree.

In *Curtis C. v. Casey V.*, No. 23-ICA-145, 2023 WL 6290508, at *2 (W. Va. Ct. App. Sept. 26, 2023) (memorandum decision), this Court vacated a family court order that dismissed a petition to establish paternity based on the putative father's incarcerated status. In *Curtis C.*, this Court acknowledged that a family court having due regard for this state's precedent and statutory law, has sound discretion in granting or denying the relief requested in a paternity action pursuant to West Virginia Code § 48-24-101(c) but held that a family

---

[4] West Virginia Code § 48-24-101(d) states:

A decree or order made and entered by a court in a paternity proceeding shall include a determination of the filial relationship, if any, which exists between a child and his or her putative father and, if such relationship is established, shall resolve dependent claims arising from family rights and obligations attendant to such filial relationship.

[5] The BCSE asserts that establishing paternity ensures a putative father's legal rights, and it ensures various rights and privileges for a child, such as, rights to inheritance, rights to a father's medical and life insurance benefits, and rights to a father's social security and veterans' benefits. However, the BCSE confirmed that it was not representing Dennis L. or the child and was only representing the interests of the State, in compliance with West Virginia Code § 48-24-105 (2001). We recognize the State's interest in these affairs, as the Supreme Court of Appeals has stated, "[i]t is in the State's interest to see that natural fathers, and not taxpayers, support their children. 'The primary object of the [paternity] statute is to protect the public against the burden of supporting and maintaining [fatherless] children.'" *Mildred L.M.* v. *John O.F.*, 192 W. Va. 345, 349, 452 S.E.2d 436, 440 (1994) (internal citations omitted).

3

court "must first review the grounds set forth in the petition to ensure its sufficiency" under West Virginia Code § 48-24-103(a) (2002). *Id.*

The BCSE is permitted to bring a paternity action as long as the petition meets the requirements of West Virginia Code § 48-24-103. However, in the case at bar, the family court failed to make findings of fact as to why the BCSE's petition to establish paternity was dismissed, other than stating, "due to the incarceration of [Dennis L.] who is not scheduled to be released until 2027." We echo *Curtis C.*, here. The family court must consider the petition before it, applying the relevant principles of law. We find no authority supporting the court's dismissal of a petition to establish paternity based upon the costs associated with establishing paternity where a respondent is incarcerated and presumably without the ability to presently pay child support.[6]

Accordingly, we vacate the Family Court of Kanawha County's October 31, 2023, order and remand the matter for further proceedings consistent with this decision.

Vacated and Remanded.

**ISSUED:** May 23, 2024

**CONCURRED IN BY:**

Chief Judge Thomas E. Scarr
Judge Charles O. Lorensen
Judge Daniel W. Greear

---

[6] We note that the Supreme Court of Appeals determined in *Quesinberry v. Quesinberry*, 191 W. Va. 65, 443 S.E.2d 222 (1994), that "[i]f the prisoner is not contesting [the] civil action against him, there is no need for appointment of guardian ad litem for him[.]" *Quesinberry v. Quesinberry*, 191 W. Va. 65, 70, 443 S.E.2d 222, 227 (1994). Additionally, "[e]ven if the prisoner is contesting any aspect of the suit, the court should determine whether an adverse judgment against the prisoner on the contested issues would affect any present or future property rights." *Id.* at 70, 443 S.E.2d at 227.

4