IN THE SUPREME COURT OF APPEALS OF WEST VIRGINIA

September 2017 Term

**FILED**
**November 2, 2017**
released at 3:00 p.m.
EDYTHE NASH GAISER, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

No. 17-0123

In The Interest Of Z.D. and D.D.

Appeal from the Circuit Court of Mercer County
The Honorable Derek C. Swope, Judge
Civil Action Nos. 16-JAT-424-DS and 16-JAT-425-DS

AFFIRMED, IN PART; AND REVERSED, IN PART

Submitted: October 3, 2017
Filed:  November 2, 2017

Gerald R. Linkous, Esq.
Mercer County Public Defenders Corporation
Princeton, West Virginia
Counsel for the Petitioner


David B. Kelley, Esq.
The Kelley Law Firm
Bluefield, West Virginia
Guardian ad Litem

Patrick Morrisey, Esq.
Attorney General
S. L. Evans, Esq.
Assistant Attorney General
Charleston, West Virginia
Counsel for the Respondent
The Department of Health and
 Human Resources

JUSTICE WORKMAN delivered the Opinion of the Court.

SYLLABUS BY THE COURT

1. "'When this Court reviews challenges to the findings and conclusions of the circuit court, a two-prong deferential standard of review is applied. We review the final order and the ultimate disposition under an abuse of discretion standard, and we review the circuit court's underlying factual findings under a clearly erroneous standard.' Syl., *McCormick v. Allstate Ins. Co.*, 197 W. Va. 415, 475 S.E.2d 507 (1996)." Syl. Pt. 1, *In re S.W.*, 236 W. Va. 309, 779 S.E.2d 577 (2015).

2. "Where the issue on an appeal from the circuit court is clearly a question of law or involving an interpretation of a statute, we apply a *de novo* standard of review." Syl. Pt. 1, *Chrystal R.M. v. Charlie A.L.*, 194 W. Va. 138, 459 S.E.2d 415 (1995).

3. An indigent litigant is not entitled to court-appointed counsel in a domestic relations proceeding. Further, upon the filing of an abuse and neglect petition, which results in appointment of counsel for an indigent litigant, once the abuse and neglect proceeding is dismissed, the litigant is not entitled to court-appointed counsel in subsequent domestic relations proceedings.

4. Pursuant to Rule 47 of the West Virginia Rules of Practice and Procedure for Family Court, courts shall not routinely assign guardians ad litem for children

i

in a domestic relations case. Where, however, the court is presented with substantial allegations of domestic abuse, serious allegations of abuse and neglect, serious issues relating to the child's health and safety, or allegations involving disproving a child's paternity, a guardian ad litem shall be appointed by the court for the child(ren).

5. Under Rule 47 of the West Virginia Rules of Practice and Procedure for Family Court, the order appointing a guardian ad litem shall specify the terms of the appointment, including the guardian's role, duties and scope of authority, the issues to be investigated, as well as the specific reasons for the appointment and the expectations of the court for the guardian ad litem's report, including the date by which the written report is due. The order appointing a guardian ad litem shall also require the parties to fully cooperate with the guardian ad litem in terms of the investigation.

6. Before a guardian ad litem may seek payment by this Court, a proper order that comports with Rule 47 of the West Virginia Rules of Practice and Procedure for Family Court must be entered and there must be compliance with the requirements of West Virginia Trial Court Rule 21.04 and 21.05.

Workman, Justice:

In this appeal, the Court is asked to determine whether a parent, who had court-appointed counsel in an abuse and neglect proceeding, is entitled to representation by court-appointed counsel once the abuse and neglect proceeding is dismissed and further action is brought in a domestic relations case. The petitioner father, C.D.,[1] appeals the Circuit Court of Mercer County's order, entered January 18, 2017, determining that once the abuse and neglect proceeding was dismissed, the petitioner was no longer entitled to court-appointed counsel to resolve a custody issue within the confines of a subsequent domestic relations case. Upon review of the parties' briefs[2] and arguments, the appendix record, and all other matters submitted before the Court, we affirm the circuit court's ruling on the court-appointed counsel issue. But we reverse the circuit court's decision to continue the appointment of the guardian ad litem for the children in the domestic relations proceeding.

---

[1]Because this case involves sensitive facts, we protect the identities of those involved by using only the parties' initials. *See State ex rel. W. Va. Dep't of Human Servs. v. Cheryl M.*, 177 W. Va. 688, 689 n.1, 356 S.E.2d 181, 182 n.1 (1987); *see also* W. Va. R. App. P. 40.

[2]The West Virginia Department of Health and Human Resources ("DHHR") and the children's guardian ad litem both filed response briefs. Neither the DHHR nor the guardian ad litem take a position on the petitioner's request that court-appointed counsel continue. But the guardian ad litem "contends that it is of the utmost importance that *guardian[s] ad litem[]* be appointed to represent minor children in appropriate Rule 6 cases." *See* W. Va. R. P. Child Abuse & Neglect Proc. 6.

1

## I. Facts and Procedural History

The petitioner and A.D.,[3] filed for divorce in the Family Court of Mercer County. In 2012, as part of the domestic relations proceeding, the parents entered into a "Mediated Parenting Plan" concerning their two children, Z.D. and D.D.[4] At the time this plan was adopted by the family court, the petitioner was pro se.

On April 26, 2016, the DHHR filed an abuse and neglect petition against both parents, alleging that the children were neglected as a result of their excessive absenteeism from school. The filing of the abuse and neglect proceeding by the DHHR caused the matter to be transferred to the jurisdiction of the circuit court.[5] The circuit court appointed a guardian ad litem for the children and counsel for each of the parents.

On July 18, 2016, the circuit court conducted an adjudicatory hearing and by order entered August 2, 2016, the circuit court accepted the DHHR's recommendation that the parents be placed on a preadjudicatory improvement period. On December 12, 2016, the

---

[3]A.D. ("the mother") is the petitioner's former wife and the children's mother. She is not a party to this appeal.

[4]Z.D. and D.D. were ages eight and ten, respectively.

[5]*See* W. Va. R. Prac. & Proc. for Fam. Ct. 48 ("The family court shall retain full jurisdiction of proceedings until an abuse or neglect petition is filed."); *see also* W. Va. R. P. Child Abuse & Neglect Proc. 6 (providing for maintaining an abuse and neglect proceeding on the circuit court's docket unless certain limited conditions occur).

2

circuit court held another hearing on the DHHR's motion to dismiss[6] the case as the parents had successfully completed the preadjudicatory improvement period by resolving the truancy concerns involving their children. According to the transcript of that hearing, the circuit court noted at the beginning of the hearing that the mother had just filed a motion for custody of the children.[7] The circuit court indicated that it was granting DHHR's motion to dismiss and would retain jurisdiction over the domestic relations case. The circuit court, however, stated that it was giving the parents one shot to resolve the mother's motion for custody at a Multi-Disciplinary Treatment Team ("MDT") meeting "on the State's nickel. I'm going to dismiss it [referring to the abuse and neglect case] but with one more MDT on the State's nickel and the purpose of that is to discuss this Motion for Custody." After the MDT meeting, the circuit court informed the petitioner and the mother that they were no longer entitled to court-appointed counsel as the abuse and neglect case was over.[8]

---

[6]The motion to dismiss was not made part of the record on appeal.

[7]The petitioner did not provide the Court with a copy of the motion filed by the mother, but the Court, on its own motion, obtained a copy from the Clerk of the Circuit Court of Mercer County and ordered that the record be supplemented with it. The motion is stamped as being filed December 12, 2016, the same day as the above-mentioned hearing.

[8]Further, the circuit court continued the appointment of the guardian ad litem for the children in the domestic relations proceeding and instructed him to bill the West Virginia Supreme Court under its guidelines for domestic cases after the abuse and neglect case was dismissed.

In a January 18, 2017, order, the circuit court memorialized what occurred at the December 12, 2016, hearing. Specifically, the circuit court found that a motion for custody had been filed; that the DHHR requested that the matter be dismissed; that after one more MDT meeting, scheduled for January 5, 2017, the circuit court was dismissing and removing the abuse and neglect case from its docket; that thereafter the case was a domestic case; that the petitioner and the mother were "not entitled to counsel dealing with a custody issue[;]" and that the guardian ad litem for the infant children "will bill under the Supreme Court guidelines for domestic cases." It is from this order that the petitioner appeals.

## II. Standard of review

This Court has held that

> "When this Court reviews challenges to the findings and conclusions of the circuit court, a two-prong deferential standard of review is applied. We review the final order and the ultimate disposition under an abuse of discretion standard, and we review the circuit court's underlying factual findings under a clearly erroneous standard." Syl., *McCormick v. Allstate Ins. Co.*, 197 W.Va. 415, 475 S.E.2d 507 (1996).

Syl. Pt. 1, *In re S.W.*, 236 W. Va. 309, 779 S.E.2d 577 (2015). Further, "[w]here the issue on an appeal from the circuit court is clearly a question of law or involving an interpretation of a statute, we apply a *de novo* standard of review." Syl. Pt. 1, *Chrystal R.M. v. Charlie A.L.*, 194 W. Va. 138, 459 S.E.2d 415 (1995). It is under these standards that the Court addresses the issues before it.

4

### III. Discussion

### A. Court-appointed Counsel

The main issue before the Court is whether an individual is entitled to court-appointed counsel in a domestic relations case. The petitioner argues that the circuit court erred in ordering that he was no longer entitled to court-appointed counsel in the domestic relations proceeding once the abuse and neglect case was dismissed. We disagree.

In an abuse and neglect proceeding, the West Virginia and United States Constitutions require that indigent parents and custodians be represented by court-appointed counsel.[9] The petitioner, therefore, was entitled to (and received) a court-appointed attorney during the pendency of the abuse and neglect proceeding that was brought against him and

---

[9]*See* Syl. Pt. 7, *In re Lindsey C.*, 196 W. Va. 395, 473 S.E.2d 110 (1995) ("'In child neglect proceedings which may result in the termination of parental rights to the custody of natural children, indigent parents are entitled to the assistance of counsel because of the requirements of the Due Process clauses of the West Virginia and United States Constitutions.' Syllabus point 1, *State ex rel. LeMaster v. Oakley*, 157 W. Va. 590, 203 S.E.2d 140 (1974)."); Syl. Pt. 8, *In re Lindsey C.*, 196 W. Va. at 397, 473 S.E.2d at 112 ("Circuit courts should appoint counsel for parents and custodians required to be named as respondents in abuse and neglect proceedings *incident to the filing of each abuse and neglect petition.* Upon the appearance of such persons before the court, evidence should be promptly taken, by affidavit and otherwise, to ascertain whether the parties for whom counsel has been appointed are or are not able to pay for counsel. In those cases in which the evidence rebuts the presumption of inability to pay as to one or more of the parents or custodians, the appointment of counsel for any such party should be promptly terminated upon the substitution of other counsel or the knowing, intelligent waiver of the right to counsel. Counsel appointed in these circumstances are entitled to compensation as permitted by law."); *see also* W. Va. Code § 49-4-601(f)(2015) (providing for appointment of counsel in abuse and neglect cases).

5

the children's mother.  But the circuit court later determined that the abuse and neglect proceeding ended and dismissed the action from its docket.  The only pending action that remained on the circuit court's docket was a separate domestic relations case that has never been dismissed; it was simply transferred to the jurisdiction of the circuit court due to the filing of the abuse and neglect petition.

Pursuant to Rule 6 of the West Virginia Rules of Procedure for Child Abuse and Neglect, once a case is transferred from family court to circuit court due to an abuse and neglect petition being filed, the circuit court "retains exclusive jurisdiction over placement of the child while the case is pending, as well as over any subsequent requests for modification, including, but not limited to, changes in permanent placement or visitation[.]" *Id.*  There are two exceptions to the rule that allow the case to be returned to family court:

> (1) if the petition is dismissed for failure to state a claim under Chapter 49 of the W. Va. Code, or (2) if the petition is dismissed, and the child is thereby ordered placed in the legal and physical custody of both of his/her cohabitating parents without any visitation or child support provisions, then any future child custody, visitation, and/or child support proceedings between the parents may be brought in family court.

W. Va. R. P. Child Abuse & Neglect Proc. 6; *see generally In re J.L.*, 234 W. Va. 116, 763 S.E.2d 654 (2014).  Because neither of the exceptions that would allow the case, or part of the case, to be returned to family court had been met in the instant case, the circuit court retained jurisdiction over the domestic relations proceeding.  Contrary to the petitioner's

position, when an abuse and neglect proceeding is instituted, which results in the transfer of a domestic relations case to circuit court, that transfer does not forever transform a subsequent domestic relations proceeding to an abuse and neglect proceeding once the abuse and neglect proceeding is dismissed. Rather, if the abuse and neglect is dismissed by the circuit court, but it retains jurisdiction over the case under Rule 6, the proceeding reverts back to a domestic relations proceeding. Thus, the circuit court was correct in deciding that it had continuing jurisdiction over the case and that the pending motion for custody would be resolved in the context of the domestic relations proceeding.[10]

Unlike in the abuse and neglect area, an indigent litigant has no right to counsel in a domestic relations case.[11] The only case where this Court touched upon the issue was in *Quesinberry v. Quesinberry*, 191 W. Va. 65, 443 S.E.2d 222 (1994), a case involving two

---

[10]The Court rejects the petitioner's argument that "[p]rocedurally, A.C.'s Motion for Custody should have been treated as a Motion to Modify Disposition[]" under West Virginia Code § 49-4-606 (2015) (providing for modification of dispositional orders). A review of the mother's motion for custody does not indicate, in any way, that it is being filed in accordance with the provisions of West Virginia Code § 49-4-606. Also, there simply is no basis for the lower court or this Court to construe the mother's motion in such a manner as there had been no disposition or dispositional order entered at the time the mother's motion was filed. This case was dismissed below without any adjudication of abuse or neglect due to the parents' successful completion of a preadjudicatory improvement period. *See* W. Va. Code § 49-4-604 (2015 & Supp. 2017) (indicating that court must find child to be abused or neglected before proceeding to disposition.).

[11]*But see* W. Va. R. Civ. P. 17(c) (providing for appointment of guardian ad litem for convict); W. Va. Trial Ct. R. 21.04 and 21.05 (providing for a court-appointed guardian ad litem for incarcerated persons who are indigent).

consolidated domestic relations proceedings, in which we discussed the circuit court's power to appoint attorneys, who were acting as guardians ad litem, for indigent litigants.[12] We noted in *Quesinberry* that compensation for court-appointed counsel to represent indigent litigants

> is properly provided by the legislature in a substantial number of cases, specifically, those involving a potential deprivation of a substantial liberty interest. These actions include criminal, probation, and parole charges that may result in incarceration; juvenile proceedings; contempt of court; child abuse and neglect proceedings that may result in termination of parental rights; mental hygiene commitment proceedings; paternity proceedings; extradition proceedings; and appeals and post-conviction challenges to a judgment in any of these actions. *See* W. Va. Code 29-21-1 et seq.[13]

191 W. Va. at 71 n.3, 443 S.E.2d at 228 n.3 (footnote added).

Consequently, an indigent litigant is not entitled to court-appointed counsel in a domestic relations proceeding. Further, upon the filing of an abuse and neglect petition, which results in appointment of counsel for an indigent litigant, once the abuse and neglect proceeding is dismissed, the litigant is not entitled to court-appointed counsel in subsequent domestic relations proceedings

---

[12]*See* W. Va. Trial Ct. R. 21 (providing for eligible guardian ad litem appointments in circuit court, family court and magistrate court).

[13]W. Va. Code § 29-21-1 to -21 (2013) (providing legal assistance to indigent persons who are litigants in eligible proceedings).

8

In the instant case, the circuit court correctly determined that because it had dismissed the abuse and neglect proceeding, the petitioner was no longer entitled to court-appointed counsel in order to resolve the motion for custody, as the proceeding was a domestic relations case. We, therefore, affirm the circuit court's ruling on this issue.

## B. Guardian ad Litem

As an ancillary matter, the Court finds it important to address the issue of the circuit court's continued appointment of the guardian ad litem for the custody matter that remains pending in the domestic relations proceeding. The guardian ad litem has filed a brief before the Court wherein he has taken the position that his appointment should continue.

According to Appendix B to Rule 47 of the West Virginia Rules of Practice and Procedure for Family Court,[14] "**[c]ourts shall not routinely assign guardians ad litem**

---

[14]Rule 47 was recently amended by the Court with the amendments effective April 25, 2017. The amendments, for the most part, moved portions of Appendix B into Rule 47 with minor rewording within the sections of the rule to comport with the statutes and the Court's case law. The instant case was decided under the former version of rule. W. Va. R. Prac. & P. Fam. Ct. 47 (2012).

Under the newly amended rule, the language quoted above in the body of the opinion is set forth as follows:

> (a) *Appointment of Guardian Ad Litem.* Courts shall not routinely assign guardians ad litem for children in a domestic relations case. Where, however, the court is presented with substantial allegations of domestic abuse, serious allegations of abuse and neglect, serious issues relating to the child's health

(continued...)

9

**for children or require court-ordered investigations unless the court has reasonable cause to suspect the parenting issues involve a child's safety or the best interest of the child warrants further investigation by the court.**" Rule 47(b) also required that an order of appointment shall "specify the terms of the appointment, including the guardian's role, duties and scope of authority, as well as the specific reasons for the appointment and the expectations of the court for the guardian ad litem's report, including the date by which the written report is due. . . ." *Id.*; *see also* former Appendix B to W. Va. R. Prac. & P. Fam. Ct. 47 (providing that "The Order appointing the guardian ad litem shall state the specific reasons for the appointment; require the parties to fully cooperate with the guardian ad litem in terms of the investigation; and the expectations of the court for the guardian ad litem, including but not limited to the issues to be investigated and the date by which the written report is due.").[15]

---

[14](...continued)
> and safety, or allegations involving disproving a child's paternity, a guardian ad litem shall be appointed by the court for the child(ren).

W. Va. R. Prac. & P. Fam. Ct. 47 (2017).

[15]*See* W. Va. R. Prac. & P. Fam. Ct. 47(b) (2017) (providing "[t]he order appointing a guardian ad litem shall specify the terms of the appointment, including the guardian's role, duties and scope of authority, the issues to be investigated, as well as the specific reasons for the appointment and the expectations of the court for the guardian ad litem's report, including the date by which the written report is due. The order appointing a guardian ad litem shall also require the parties to fully cooperate with the guardian ad litem in terms of the investigation.)

In the case sub judice, there is no indication in the record before the Court that a guardian ad litem had been involved in this action prior to the abuse and neglect proceeding. When the abuse and neglect matter ended and the case reverted back to one sounding only in domestic relations, the provisions of Rule 47 governing the appointment of guardians ad litem for children controlled. In the context of the domestic relations case, there was no evidence before the circuit court to support the appointment of the guardian ad litem. *See id.* At the time of the appointment, the only issue pending was that of determining a motion for modification of custody in the context of a routine domestic relations proceeding. Further, the circuit court failed to make any findings to support the need for a guardian ad litem; the circuit court merely found that "David Kelley is appointed as guardian *ad litem* for the infant children, and he will bill under the Supreme Court guidelines for domestic cases.[16] This is now a domestic relations case not an abuse and neglect case under

[16]West Virginia Trial Court Rule 21.05 has also been amended, effective April 25, 2017, and now provides that

> in a domestic relations case the cost of a guardian ad litem for a party and/or an infant(s) of the parties may be ordered to be paid by a non-indigent party or if otherwise qualified, by the Supreme Court when the appointment is nondiscretionary, provided the order appointing the guardian ad litem complies with the requirements of Rule 47 of the Rules of Practice and Procedure for Family Court. The compensation payable by the Supreme Court is limited to the amounts set forth in Trial Court Rule 21.06.

A nondiscretionary appointment "means when substantial allegations of domestic abuse have
(continued...)

11

Rule 6." (Footnote added).  *See* W. Va. R. Prac. & P. Fam. Ct. 47(b).

Given that the Court has seen a rather haphazard approach taken by both family and circuit courts in this State concerning the appointment of guardians ad litem in domestic relations cases, we are compelled to now hold that pursuant to Rule 47 of the West Virginia Rules of Practice and Procedure for Family Court, courts shall not routinely assign guardians ad litem for children in a domestic relations case. Where, however, the court is presented with substantial allegations of domestic abuse, serious allegations of abuse and neglect, serious issues relating to the child's health and safety, or allegations involving disproving a child's paternity, a guardian ad litem shall be appointed by the court for the child(ren).

We further hold that under Rule 47 of the West Virginia Rules of Practice and Procedure for Family Court, the order appointing a guardian ad litem shall specify the terms of the appointment, including the guardian's role, duties and scope of authority, the issues to be investigated, as well as the specific reasons for the appointment and the expectations of the court for the guardian ad litem's report, including the date by which the written report is due. The order appointing a guardian ad litem shall also require the parties to fully

---

[16](...continued)
been made, when serious allegations of abuse and neglect have been made, when there are serious issues relating to the child's health or safety, or in cases involving disproving a child's paternity."  W. Va. Trial Ct. R. 21.04(e).

12

cooperate with the guardian ad litem in terms of the investigation.

In this case, the circuit court's appointment of the guardian ad litem in the domestic relations proceeding was in error. The only issue pending in the domestic relations proceeding is the mother's motion for modification of custody. Child custody issues in a routine domestic relations case do not require the appointment of a guardian ad litem for the child(ren). Moreover, for the guardian ad litem to have been properly appointed required the entry of an order that comports with the requisite findings set forth in Rule 47. Finally, before a guardian ad litem may seek payment by this Court, a proper order that comports with Rule 47 of the West Virginia Rules of Practice and Procedure for Family Court must be entered and there must be compliance with the requirements of West Virginia Trial Court Rule 21.04 and 21.05.[17] The circuit court failed to follow the applicable rules of this Court and the appointment of the guardian ad litem by the circuit court is reversed.

## IV. Conclusion

Based upon the foregoing, the decision of the Circuit Court of Mercer County is affirmed, in part, and reversed, in part.

Affirmed, in part, and reversed, in part.

---

[17]*See supra* note 16.