## STATE OF WEST VIRGINIA
## SUPREME COURT OF APPEALS

*In re* **J.P. and A.P.**

**No. 18-0171** (Nicholas County 14-JA-36 and 37)

**FILED**

**November 19, 2018**

EDYTHE NASH GAISER, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

## MEMORANDUM DECISION

Petitioner Father V.P., pro se, appeals the Circuit Court of Nicholas County's January 9, 2018, final order reinstating grandparent visitation.[1] The West Virginia Department of Health and Human Resources ("DHHR"), by counsel S.L. Evans, filed a response in support of the circuit court's order, along with a supplemental appendix. Intervenor maternal grandparents, J.C. and B.C., by counsel Christine B. Stump, also filed a response in support of the circuit court's order. The guardian ad litem ("guardian"), Amber R. Hinkle, filed a response on behalf of the children in support of the circuit court's order. On appeal, petitioner argues that the circuit court erred in entering the final order before the objection period was over and violating petitioner's constitutional right to defend himself as a fit parent. Petitioner also argues that there was a "conflict of interest" in his case. Finally, he argues that the circuit court erred in "entering false statements that were not agreed upon by any parties."

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the circuit court's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

The underlying child abuse and neglect issues in this matter were concluded in 2014 with the termination of the mother's parental rights. The abuse and neglect petition against petitioner was dismissed and he was granted the care, custody, and control of the children. The maternal grandparents were granted intervenor status and given visitation with the children. During the final hearing in the matter in 2014, pursuant to the agreement of the parties, the grandparents were granted visitation one weekend per month and one telephone call per week. The grandparents visited with the children regularly until around July of 2016 when petitioner ceased contact with the grandparents.

---

[1]Consistent with our long-standing practice in cases with sensitive facts, we use initials where necessary to protect the identities of those involved in this case. *See In re K.H.*, 235 W.Va. 254, 773 S.E.2d 20 (2015); *Melinda H. v. William R. II*, 230 W.Va. 731, 742 S.E.2d 419 (2013); *State v. Brandon B.*, 218 W.Va. 324, 624 S.E.2d 761 (2005); *State v. Edward Charles L.*, 183 W.Va. 641, 398 S.E.2d 123 (1990).

1

In September of 2016, petitioner filed a domestic violence petition against the grandparents in Maryland. According to the guardian, petitioner alleged multiple instances of abuse of the children by the grandparents. Child Protective Services in Maryland investigated the allegations. Ultimately, a Maryland court concluded that the grandparents did not abuse or neglect the children and denied the petition.

In January of 2017, the parties agreed to resume the previously agreed upon visitation. However, in February of 2017, petitioner filed a motion in Nicholas County to terminate grandparent visitation. In July of 2017, the circuit court denied petitioner's motion to terminate grandparent visitation and the previously ordered visitation as to A.P. was ordered to resume. The circuit court found that J.P. "should not be forced to participate in visits, but should be encouraged by [petitioner] to visit." That same month, the guardian filed a report in which she explained that petitioner failed to comply with orders regarding visitation with the grandparents. A multidisciplinary treatment team meeting was also held in July, but no agreement regarding visitation could be reached.

The guardian's report prompted the circuit court to hold a final hearing regarding visitation with the grandparents. During the hearing, the circuit court admonished petitioner for his continued disregard for its orders regarding visitation. The circuit court ordered that the previously ordered grandparent visitation resume and the grandparents would be given additional visits during the upcoming holidays. The grandparents were granted one weekend visit per month and one full week in the summer. Petitioner did not object to the circuit court's ruling during the hearing.

According to the guardian, on January 2, 2018, counsel for the maternal grandparents submitted a proposed final order regarding the December 18, 2017, hearing on a five-day notice of objection. Also on January 2, 2018, the maternal grandparents filed a petition for contempt against petitioner alleging that he did not bring the children to the exchange point for the December of 2017 visitation.

Without any objection from petitioner, the final order from the December 18, 2017, hearing was entered by the circuit court on January 9, 2018.[2] In its order, the circuit court found that petitioner "refused to cooperate in scheduling any make up visitation for the . . . grandparents." The circuit court also found that petitioner violated two separate circuit court orders and denied the grandparents contact with the children. As stated during the hearing, the circuit court ordered that visitation with the grandparents resume and also ordered make-up visitation during the children's holiday break from school. It is from this order that petitioner appeals.

The Court has previously established the following standard of review:

---

[2]Although the proposed order provided January 10, 2018, as the five-day deadline for objection, January 9, 2018, was, in fact, the fifth business day after the proposed order was submitted.

"Although conclusions of law reached by a circuit court are subject to *de novo* review, when an action, such as an abuse and neglect case, is tried upon the facts without a jury, the circuit court shall make a determination based upon the evidence and shall make findings of fact and conclusions of law as to whether such child is abused or neglected. These findings shall not be set aside by a reviewing court unless clearly erroneous. A finding is clearly erroneous when, although there is evidence to support the finding, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed. However, a reviewing court may not overturn a finding simply because it would have decided the case differently, and it must affirm a finding if the circuit court's account of the evidence is plausible in light of the record viewed in its entirety." Syl. Pt. 1, *In Interest of Tiffany Marie S.*, 196 W.Va. 223, 470 S.E.2d 177 (1996).

Syl. Pt. 1, *In re Cecil T.*, 228 W.Va. 89, 717 S.E.2d 873 (2011). Upon our review, this Court finds no error in the proceedings below.

First, petitioner argues that the circuit court entered the January 9, 2018, final order before the five-day objection period was over. However, we find no error. Counsel for the grandparents submitted the proposed order on January 2, 2018, and the circuit court entered the order on January 9, 2018, which was five days after the proposed order was submitted. Therefore, petitioner is entitled to no relief.

Second, petitioner argues that the circuit court violated his constitutional right to defend himself as a fit parent. In support, petitioner asserts that he was not appointed counsel for the final hearing and that the "courts wouldn't let [him] speak to defend [himself] against the grandparents." Again, we find no error. Upon a review of the final hearing transcript, we find that petitioner was not prohibited from presenting testimony or from being able to defend himself. Further, petitioner's parental fitness was not an issue in the instant matter, as he was granted full custody of his children in 2014 following the dismissal of the abuse and neglect petition. Instead, this matter was related to enforcing the circuit court's prior visitation order.

Pursuant to Rule 6 of the West Virginia Rules of Procedure for Child Abuse and Neglect, once an abuse and neglect matter is dismissed, the circuit court "retains exclusive jurisdiction over placement of the child . . . as well as over any subsequent requests for modification, including . . . changes in . . . visitation." Further, because the abuse and neglect proceedings as to petitioner were dismissed, petitioner was not entitled to court-appointed counsel for the enforcement of the circuit court's visitation order.[3] We have held that

[a]n indigent litigant is not entitled to court-appointed counsel in a domestic relations proceeding. Further, upon the filing of an abuse and neglect petition, which results in appointment of counsel for an indigent litigant, once the

---

[3]Moreover, it is unclear from the record whether petitioner was indigent. According to the record, at one point during the proceedings, petitioner retained counsel on his own and was, at some point, appointed counsel.

abuse and neglect proceeding is dismissed, the litigant is not entitled to court-appointed counsel in subsequent domestic relations proceedings.

Syl. Pt. 3, *In Interest Of Z.D.*, 239 W.Va. 890, 806 S.E.2d 814, 817 (2017). Accordingly, we find no error.

Next, petitioner argues that "[t]here is [a] conflict of interest in [his] case." Petitioner lists numerous "conflicts," including the following: two different judges presided over the proceedings, the prior guardian withdrew from the case, and the circuit court "has control of my kids but everyone that was involved is now gone except for the liars." He also alleges that the grandparents made multiple false allegations and "perjury of the court." We find no merit to these allegations. Based upon a thorough review of the record, we conclude that petitioner failed to preserve these arguments on appeal due to his failure to include any citation to the record to show where such errors occurred or where he objected to such errors in violation to Rule 10(c)(7) of the West Virginia Rules of Appellate Procedure.[4] "'Our general rule is that nonjurisdictional questions . . . raised for the first time on appeal, will not be considered.' *Shaffer v. Acme Limestone Co., Inc.*, 206 W.Va. 333, 349 n. 20, 524 S.E.2d 688, 704 n. 20 (1999)." *Noble v. W.Va. Dep't of Motor Vehicles*, 223 W.Va 818, 821, 679 S.E.2d 650, 653 (2009). Therefore, we will not address this assignment of error.

Lastly, petitioner argues that the "circuit court erred in entering false statements that were not agreed upon by any parties." This argument is also meritless. Petitioner's assertion is not supported by the record. Although petitioner alleges that the circuit court's order reinstating grandparent visitation erroneously indicates that he agreed to visitation, the hearing transcript shows that petitioner agreed to the visitation. In regard to petitioner's assertion that the testimony during the hearing differs from what was memorialized in the final order, we have often noted that

> [i]t is a paramount principle of jurisprudence that a court speaks only through its orders. *See State v. White,* 188 W.Va. 534, 536 n. 2, 425 S.E.2d 210, 212 n. 2 (1992) ("[H]aving held that a court speaks through its orders, we are left to decide this case within the parameters of the circuit court's order." (citations omitted)); *State ex rel. Erlewine v. Thompson,* 156 W.Va. 714, 718, 207 S.E.2d 105, 107 (1973).

*Legg v. Felinton*, 219 W.Va. 478, 483, 637 S.E.2d 576, 581 (2006). We find no error in the circuit court's order reinstating visitation with the grandparents.

For the foregoing reasons, we find no error in the decision of the circuit court, and its January 9, 2018, order is hereby affirmed.

---

[4]Rule 10(c)(7) of the West Virginia Rules of Appellate Procedure provides that the argument "must contain appropriate and specific citations to the record on appeal, including citations that pinpoint when and how the issues in the assignments of error were presented to the lower tribunal.

Affirmed.

**ISSUED**:  November 19, 2018


**CONCURRED IN BY**:

Chief Justice Margaret L. Workman
Justice Elizabeth D. Walker
Justice Tim Armstead
Justice Evan H. Jenkins
Justice Paul T. Farrell sitting by temporary assignment