**STATE OF WEST VIRGINIA**
**SUPREME COURT OF APPEALS**

*In re* **J.S.-1 and J.S.-2**

**No. 21-0439** (Nicholas County 20-JA-35 and 20-JA-36)

## MEMORANDUM DECISION

Petitioner Father J.S.-3, by counsel Kathleen B. Murphy, appeals the Circuit Court of Nicholas County's May 6, 2021, order accepting a final parenting plan for J.S.-1, and J.S.-2.[1] The West Virginia Department of Health and Human Resources ("DHHR"), by counsel Patrick Morrisey and Katherine A. Campbell, filed a response asserting that because the circuit court's order is insufficient as a matter of law, this Court should remand this case to the circuit court with directions to enter an order containing appropriate findings of fact and conclusions of law. The guardian ad litem, Amber R. Hinkle, filed a response on behalf of the children in support of the circuit court's order. Respondent Mother, J.S.-4, by counsel Juliana C. Dotsenko, filed a response in support of the circuit court's order. On appeal, petitioner argues that the circuit court erred by failing to apply statutory factors in deciding allocation of custodial responsibility and relying on the mother's completion of her improvement period as grounds for granting her primary custody of the children and dismissing the case. Petitioner also argues that the circuit court erred by failing to hold a dispositional hearing on the final parenting plan, issue findings of fact and conclusions of law, and request a recommendation from the guardian with respect to allocation of custody of the children.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds that the circuit court erred in failing to apply the statutory analysis found in West Virginia Code §§ 48-9-206, 207, and 209, in determining custodial allocation. This case satisfies the "limited circumstances" requirement of Rule 21(d) of the West Virginia Rules of

---

[1]Consistent with our long-standing practice in cases with sensitive facts, we use initials where necessary to protect the identities of those involved in this case. *See In re K.H.*, 235 W. Va. 254, 773 S.E.2d 20 (2015); *Melinda H. v. William R. II*, 230 W. Va. 731, 742 S.E.2d 419 (2013); *State v. Brandon B.*, 218 W. Va. 324, 624 S.E.2d 761 (2005); *State v. Edward Charles L.*, 183 W. Va. 641, 398 S.E.2d 123 (1990). Additionally, because the children, petitioner, and respondent mother share the same initials, we will refer to them as J.S.-1, J.S.-2, J.S.-3, and J.S.-4, respectively, throughout the memorandum decision.

Appellate Procedure, and a memorandum decision is appropriate to vacate and remand the matter to the circuit court.

In April of 2020, the DHHR filed an abuse and neglect petition alleging that the mother failed to protect the children from physical abuse and domestic violence in the home.[2] The DHHR further alleged that the mother had previously been adjudicated as an abusing and neglecting parent due to substance abuse in 2018. According to the instant petition, the mother successfully completed an improvement period in the 2018 proceeding, and the prior proceeding was dismissed in July of 2019 with full custody of the children returned to her. As a result of the instant petition, the children were removed from the mother's care and placed with petitioner, their nonabusing father.[3] The DHHR filed an amended petition in July of 2020 alleging that the mother engaged in substance abuse.

By March of 2021, the mother was adjudicated as an abusing parent and granted an improvement period, with a review hearing scheduled in June of 2021. Prior to the review hearing, the circuit court held a hearing in May of 2021 regarding parenting plans. According to the record, no testimony was taken regarding the custodial allocation of the children. The DHHR recommended that petitioner be given primary custodial rights, as he had physical custody of the children during the proceedings. Moreover, the DHHR argued that petitioner was the more stable parent because he was a nonabusing parent and this was the mother's second adjudication as an abusive and neglectful parent. However, the circuit court found that the mother had successfully completed the family treatment court program, and, as such, primary custody of the children should be returned to her after the children's school year was completed.[4] Thereafter, the circuit court entered a final order on May 6, 2021, dismissing the petition. Petitioner now appeals that order.

The Court has previously held:

> "Although conclusions of law reached by a circuit court are subject to *de novo* review, when an action, such as an abuse and neglect case, is tried upon the facts without a jury, the circuit court shall make a determination based upon the evidence and shall make findings of fact and conclusions of law as to whether such

---

[2]According to the petition, the domestic violence involved the father of a child not at issue on appeal.

[3]Prior to the abuse and neglect proceeding, petitioner and the mother shared custody of the children with a parenting plan designating the mother as the primary custodian and petitioner exercising regular visitation with the children.

[4]The record of the underlying proceedings submitted by petitioner in support of his appeal is sparse and does not contain transcripts from any hearings or docket sheets. Rule 7(d) of the West Virginia Rules of Appellate Procedure required petitioner to "prepare and file an appendix containing . . . [t]he judgment or order appealed from, and all other orders applicable to the assignments of error on appeal," "[m]aterial excerpts from official transcripts of testimony or from papers in connection with a motion," and "[o]ther parts of the record to which the parties wish to direct the Court's attention."

child is abused or neglected. These findings shall not be set aside by a reviewing court unless clearly erroneous. A finding is clearly erroneous when, although there is evidence to support the finding, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed. However, a reviewing court may not overturn a finding simply because it would have decided the case differently, and it must affirm a finding if the circuit court's account of the evidence is plausible in light of the record viewed in its entirety." Syl. Pt. 1, *In Interest of Tiffany Marie S.*, 196 W.Va. 223, 470 S.E.2d 177 (1996).

Syl. Pt. 1, *In re Cecil T.*, 228 W. Va. 89, 717 S.E.2d 873 (2011).

On appeal, petitioner's various assignments of error all call into question the appropriateness of the circuit court's final order on the basis that reverting to the prior parenting plan in place before the mother's abuse and neglect petition was not in the children's best interests. It is unnecessary to address these specific arguments, however, because our ultimate determination is controlled by the circuit court's failure to include specific findings and analysis set forth under Chapter 48 of the West Virginia Code.

Upon our review of the order on appeal, we note a stark absence of the mandatory considerations and procedure for custodial allocation found in Chapter 48 of the West Virginia Code. Recently, this Court considered whether "allocation of custody [following the dismissal of a child abuse and neglect petition] is governed by the precepts established in our abuse and neglect caselaw or the statutory considerations mandated for the allocation of child custody and decision making responsibilities," as found in West Virginia Code §§ 48-9-206, 207, and 209. *In re T.M.*, 242 W. Va. 268, 276, 835 S.E.2d 132, 140 (2019)*; see also In re A.L.*, No. 20-0230, 2021 WL 1550842 (W. Va. April 20, 2021)(memorandum decision). As we previously found, the framework found in West Virginia Code § 48-9-206(a) "sets forth the essential criteria which, in the collective wisdom of the Legislature, serve a child's interests" and codified the "best interests" analysis that permeates our holdings related to abuse and neglect proceedings. *T.M.*, 242 W. Va. at 278, 835 S.E.2d at 142. Additionally, we noted that the provisions of West Virginia Code § 48-9-209 "bestow broad discretion on a court making a custodial allocation to ensure that a child is protected from any harm the abuse and neglect findings potentially forecast." *Id*. at 279, 835 S.E.2d at 143. To that end, we emphasized that West Virginia Code § 48-9-209(c) imposes a "mandatory duty upon a court making custodial allocations to make special *written* findings demonstrating that any such allocation includes limitations which will adequately protect the child from potential harm as a result of the abuse and neglect findings of which the court is aware." *Id*. Based on these considerations, we crafted the following syllabus point:

A circuit court is obligated to apply the factors and considerations set forth in West Virginia Code §§ 48-9-206 (2018) and -207 (2001) in allocating custodial and decision-making responsibilities when reunifying children subject to abuse and neglect proceedings with parents, guardians, or custodians who are no longer cohabitating at the close of the proceedings. Where findings of abuse and/or neglect have been established, the circuit court must further employ the mandatory considerations and procedures set forth in West Virginia Code § 48-9-209 (2016), in order to protect the children from further abuse and/or neglect.

*Id*. at 269, 835 S.E.2d at 132, syl. pt. 5.

Here, just as in *T.M.*, we find no demonstrable evidence that the circuit court employed the analysis required by West Virginia Code §§ 48-9-206 and -207. As we held in *T.M.*, we again conclude that "[g]iven the absence of discussion of the applicability of the factors or reference thereto, we cannot simply presume that the court considered these factors and affirm on that basis." *Id*. at 280, 835 S.E.2d at 144. Moreover, the mother's adjudication as an abusive and neglecting parent, regardless of her success in remedying those conditions of abuse and neglect, imposed an additional statutory consideration upon the circuit court pursuant to West Virginia Code § 48-9-209, which mandates special written findings in that regard. Accordingly, we must vacate the circuit court's allocation of custodial responsibilities and remand for consideration of the factors set forth in West Virginia Code §§ 48-9-206 and -207, as well as the limitations and procedures mandated by West Virginia Code § 48-9-209.

For the foregoing reasons, we vacate the circuit court's May 6, 2021, order as it relates to the circuit court's allocation of custodial responsibility and remand for further proceedings consistent with this decision.[5] The circuit court is directed to hold the hearings it deems necessary, if any, and issue a final order for this case within the next sixty days. The Clerk is hereby directed to issue the mandate contemporaneously herewith.

Vacated and remanded.

**ISSUED**: November 8, 2021


**CONCURRED IN BY**:

Chief Justice Evan H. Jenkins
Justice Elizabeth D. Walker
Justice Tim Armstead
Justice John A. Hutchison
Justice William R. Wooton

---

[5]We further instruct the circuit court that, on remand, any court-appointed attorneys and the guardian ad litem are to continue their involvement until permanent placement is achieved through the custodial and decision-making allocations required herein. *See* Syl. Pt. 5, *James M. v. Maynard*, 185 W. Va. 648, 649, 408 S.E.2d 400, 401 (1991) ("The guardian ad litem's role in abuse and neglect proceedings does not actually cease until such time as the child is placed in a permanent home."). Permanent placement of the children is required to bring the abuse and neglect proceedings in the instant case to a conclusion, and that has not yet occurred. Therefore, any such court appointments continue to be in effect. *But cf. In. Int. of Z.D.,* 239 W. Va. 890, 896, 806 S.E.2d 814, 820 (2017) (disapproving use of court-appointed counsel and guardian ad litem after dismissal of child abuse and neglect case where parent attempted to resolve a motion for custody).

4